657 So.2d 799 (1995)
James Calvin Edward McGHEE
v.
STATE of Mississippi.
No. 91-KA-00209-SCT.
Supreme Court of Mississippi.
June 15, 1995.
*800 Robin Alfred-Midcalf, Gulfport, for appellant.
Michael C. Moore, Atty. Gen., Jackson, Pat S. Flynn, Asst. Atty. Gen., Jackson, for appellee.
En Banc.
*801 SMITH, Justice, for the Court.
James Calvin Edward McGhee appeals his conviction of capital rape of a nine-year-old female child and sentence of life imprisonment in the custody of the Mississippi Department of Corrections as pronounced by the Circuit Court of the First Judicial District of Harrison County on February 6, 1991.
Feeling aggrieved, McGhee appeals to this Court citing two assignments of error:
I. APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL UNDER THE LAWS AND CONSTITUTION OF THE UNITED STATES AND STATE OF MISSISSIPPI.
II. THE STATE FAILED TO PROVE THE CRIME OF RAPE UNDER SECTION 97-3-65 (SUPP. 1991) MISSISSIPPI CODE ANNOTATED AND, THEREFORE, THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF EVIDENCE.
McGhee's claim that the verdict was against the overwhelming weight of the evidence is without merit and does not warrant discussion. After careful consideration of the remaining issue concerning McGhee's allegation that he was denied his statutory and constitutional right to a speedy trial, we find no reversible error and therefore affirm his conviction and sentence.

STATEMENT OF FACTS
Having determined there is no merit to McGhee's claim that the verdict was against the overwhelming evidence, it is unnecessary to cite all of the factual details concerning the capital rape incident. Those facts pertinent for consideration of McGhee's allegations of statutory and constitutional violations of his right to a speedy trial are necessarily recited.

CHRONOLOGY OF EVENTS

DATE AND CORRESPONDING EVENTS
7/10/89 McGhee arrested.
12/7/89 McGhee indicted.
2/1/90 Motion for Speedy Trial filed.
2/26/90 McGhee Arraigned.
6/11/90 First trial date set.
6/15/90 Order continuing case entered. (judge engaged in another trial.)
6/20/90 Order continuing case entered. Judge engaged in same trial; reset for motions on Aug. 10, 1990.
6/20/90 Trial setting of December 3, 1990 agreed to by both McGhee and State.
11/29/90 McGhee's motion to dismiss filed.
12/3/90 McGhee announces ready for trial; State initially announces not ready due to missing witness, but later announces ready. Trial is preempted due to another case proceeding to trial.
12/12/90 Order continuing case entered. (judge engaged in another trial.) No date assigned.
1/24/91 McGhee filed amended motion to dismiss.
2/5/91 Motion to dismiss overruled, trial began. (574 days since arrest; 345 days since arraignment)

DISCUSSION OF LAW

I. WAS THERE A VIOLATION OF MCGHEE'S CONSTITUTIONAL RIGHTS?
McGhee's constitutional right to a speedy trial is considered under the factors established by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The balancing test factors of Barker are as follows:
(1) Length of delay;
(2) Reason for the delay;
(3) Whether the defendant has asserted his right to a speedy trial; and
(4) Whether defendant was prejudiced by the delay.
In considering this issue we are mindful of this Court's recent pronouncements in State v. Magnusen, 646 So.2d 1275 (Miss. 1994), wherein we stated:
This Court recognized in Beavers v. State:
No mathematical formula exists according to which the Barker weighing and balancing process must be performed. The weight to be given each factor necessarily *802 turns on the quality of evidence available on each and, in the absence of evidence, identification of the party with the risk of nonpersuasion. In the end, no one factor is dispositive. The totality of the circumstances must be considered.
498 So.2d [788] 790 [1986].
We are mindful indeed that no one factor is dispositive of the question. Nor is the balancing process restricted to the Barker factors to the exclusion of any other relevant circumstances.
Magnusen at 1278.

(1) LENGTH OF DELAY
For consideration of the Barker factors, the relevant time begins to run from the date of arrest. From McGhee's arrest until trial, 574 days elapsed. This is sufficient to trigger the Barker balancing test and require an examination of each of the other factors. Adams v. State, 583 So.2d 165, 168 (Miss. 1991).
In Smith v. State, 550 So.2d 406, 408 (Miss. 1989), this Court held "that any delay of eight (8) months or longer is presumptively prejudicial." However, "[t]his factor, alone, is insufficient for reversal, but requires a close examination of the remaining factors." Handley v. State, 574 So.2d 671, 676 (Miss. 1990). See also, State v. Magnusen, 646 So.2d 1275 (Miss. 1994), wherein this Court stated:
The State, however, correctly observes that this delay, standing alone, is not enough to establish a violation of the defendant's constitutional right to a speedy trial. "While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria ... it is part of the mix of relevant facts, and its importance increases with the length of the delay." Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 2693, 120 L.Ed.2d 520, 531 (1992).
Magnusen, at 1280.
This factor favors McGhee, necessitating scrutiny of the remaining Barker factors.

(2) REASON FOR DELAY
The record is silent from McGhee's arrest on July 10, 1989 until the indictment on December 7, 1989. Next, the time period from arraignment on February 26, 1990 until the first trial setting on June 11, 1990 obviously counts against the State. The assigned trial judge was engaged in another trial, State v. Trong Nguyen, at that time and continued McGhee's case until the August 1990 term by order dated June 15, 1990. On June 20, 1990, the judge was still trying the Trong Nguyen case and entered another order continuing the case for motions only until August 10, 1990. The State and McGhee entered into an agreement for a trial setting of December 3, 1990. McGhee's case was again preempted by another trial and Judge Jerry Terry entered an order of continuance, but failed to designate a specific trial setting in the order. McGhee's case went to trial February 5, 1991 with a special circuit judge presiding.
There were no continuances requested by either the State or McGhee. There is no indication in the record that any delay was intentional on the part of the State. Nor is there a showing by McGhee that the State gained any tactical advantage from the delay. As noted by Special Circuit Court Judge W.M. O'Barr, this was the "normal usual operation of the court." The delay was caused not by the State or McGhee, but rather, the overcrowded trial docket and the system in Harrison County of assigning each case to a particular judge as that case proceeded up to and through the trial process.
Where the reason for the delay is overcrowded dockets and understaffed prosecutors, this Court has stated that this factor will not be weighed heavily against the State. Adams v. State, 583 So.2d 165 (Miss. 1991); Williamson v. State, 512 So.2d 868 (Miss. 1987); Kinzey v. State, 498 So.2d 814 (Miss. 1986); Bailey v. State, 463 So.2d 1059 (Miss. 1985). This Court, in Diddlemeyer v. State, 398 So.2d 1343 (Miss. 1981), held that a one-year delay caused by court congestion and a grand jury not in session when the crime was committed was not an unreasonable delay, where the appellant showed no prejudice.
The Fifth Circuit Court of Appeals in Davis v. Puckett, 857 F.2d 1035 (5th Cir.1988), held in the case of a thirteen (13) *803 month delay that there was no denial of Davis' speedy trial rights when part of the delay was caused by the "neutral" reasons of crowded dockets and shortage of prosecutorial staff and where no prejudice was demonstrated.
What should therefore be obvious is that if a shortage of prosecutorial staff can be good cause for delay, surely shortage of judges is equally "good cause shown." The record irrefutably indicates that Judge Terry, the assigned trial judge, was trying another case on each occasion that McGhee's case was set for trial. Judge Terry, on his own motion noted this reason for continuing McGhee's case on the orders he entered. What could be more sufficient than the trial judge's own motion finding "good cause" because he was engaged in the trial of another case set prior to McGhee's? This is illustrative of only one of the numerous problems facing our trial judges these days  the lack of sufficient trial judges to handle the ever increasing and substantially crowded trial dockets of our state.
This Court has held that congested trial court dockets may constitute "good cause" for a trial's delay. Polk v. State, 612 So.2d 381, 387 (Miss. 1992); McGee v. State, 608 So.2d 1129, 1133 (Miss. 1992); Adams v. State, 583 So.2d 165, 167 (Miss. 1991); Yarber v. State, 573 So.2d 727, 729 (Miss. 1991); Williamson v. State, 512 So.2d 868, 876 (Miss. 1987). See also, Winder v. State, 640 So.2d 893, 894 (Miss. 1994).
In State v. Magnusen, 646 So.2d 1275 (Miss. Nov. 17, 1994), concerning a defendant's statutory right as opposed to his constitutional right to a speedy trial, where docket congestion may certainly constitute good cause for delay, this Court stated: "The same rationale should apply when the defendant's constitutional right to a speedy trial, as opposed to his statutory right, is at issue." Id., at 1282.
This Court has held that the preempting of a trial by another case constitutes "good cause." Folk v. State, 576 So.2d 1243, 1245 (Miss. 1991). The record reflects that the two initial continuances were granted on the trial court's own motion due to the trial of other cases set prior to McGhee's. Not a single continuance was requested by the State. This constitutes a finding of fact by the trial court. A finding of "good cause" is a finding of ultimate fact, and is no different than any other finding of fact on appeal; it should be left undisturbed where there is in the record substantial credible evidence upon which it was based. McNeal v. State, 617 So.2d 999, 1007 (Miss. 1993); Folk, 576 So.2d at 1247.
The situation presented in the case sub judice is practically identical to that in Magnusen, where three continuance orders were entered on the trial court's own motion citing that the judge was engaged in trial elsewhere. One of the orders additionally cited Magnusen's request for an omnibus hearing. This Court noted that the delay was partly caused by "a congested trial docket" and that such overcrowded dockets are not to be weighed heavily against the State. Magnusen, at 1282-83.
Justice these days predictably flows slower as dockets become more congested. All court dockets are overloaded. Harrison County is no exception to the rule. Trial courts and appellate courts alike require months, sometimes years, to determine outcomes. The process has become more complicated due to insufficient judges, as well as insufficient staffs in the offices of both prosecutors and public defenders. Many jurisdictions have limited facilities, space and time for complex criminal trials. The procedure in Harrison County was to assign a particular judge to a particular case. After three unsuccessful trial settings which resulted in McGhee's case being preempted, a special circuit judge finally afforded McGhee a first setting and his case was tried. The reason for the delay weighs lightly against the State as sufficient reasoning for the delay in this case has been substantiated.

(3) ASSERTION OF RIGHT
McGhee filed his motion for speedy trial on February 1, 1990, and a motion to dismiss for lack of a speedy trial on November 29, 1990. McGhee's motion to dismiss was considered and overruled on February 5, 1991, the day of trial. McGhee properly asserted his rights under the statute *804 and constitutions of the State of Mississippi and the United States. It is not the duty of the accused to bring himself to trial. Kinzey v. State, 498 So.2d 814, 823 (Miss. 1986). It is the State, of course, that bears the burden of bringing an accused to trial in a speedy manner. Magnusen, at 1283 (citing Vickery v. State, 535 So.2d 1371, 1377 (Miss. 1988)). McGhee only raised his motion to dismiss two months prior to the actual trial. This factor weighs slightly in favor of McGhee.

(4) PREJUDICE TO THE DEFENDANT
McGhee demonstrated no actual prejudice. The delay was clearly caused by his case being preempted by other cases with prior settings superior to McGhee's. There was presumptive prejudice only. Speedy trial issues must be determined on a case by case basis. In McGhee's case, he was tried 574 days after arrest. He was out on bond during the entire time. Other than the unsupported, bald assertion of memory lapse and the anxiety associated with being charged with capital rape, McGhee admitted he suffered no prejudice. McGhee fails to provide this Court with any specifics whatsoever. How could there be a significant memory lapse over a time period less than one year after arraignment? Memory lapses of which dates, facts or details and by which witnesses? McGhee's other complaints of stigma and increased anxiety, alone afford no justification whatsoever for discharging McGhee as he requests.
McGhee does not allege anything close to actual prejudice. Had he done so, this factor would be weighed and balanced differently. Actual prejudice, occasioned by the delay, presents a different situation for this Court to analyze. In Smith v. State, 550 So.2d 406 (Miss. 1989), actual prejudice to Smith was occasioned by the delay. In Hughey v. State, 512 So.2d 4 (Miss. 1987), thirty-three (33) months elapsed between indictment and trial; nevertheless, mainly due to lack of prejudice, this Court refused to reverse for failure to grant a speedy trial. In Barker, where the prosecution filed sixteen motions for continuance, the Supreme Court found no denial of a speedy trial where the delay was four years. This lack of prejudice factor should weigh heavily against McGhee in applying the Barker analysis.
Having reviewed all the Barker factors, based on the facts in this case, and considering the totality of the circumstances, we conclude that McGhee was not denied his constitutional right to a speedy trial.

II. WAS THERE A STATUTORY VIOLATION OF MCGHEE'S RIGHTS?
McGhee was arraigned on February 26, 1990 and tried on February 4, 1991, obviously in excess of 270 days from the date of arraignment.
Miss. Code Ann. § 99-17-1 (Supp. 1991) entitled Indictments to be Tried Within 270 Days of Arraignment, provides:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
The record reflects that 344 days elapsed from the date of arraignment until McGhee's trial. McGhee was initially set for trial on Monday, June 11, 1990, 115 days subsequent to arraignment. One week prior to trial, McGhee filed several motions which were not disposed of prior to the June 11 trial setting. Robin Midcalf, counsel for McGhee, confirmed that the motions were not settled. Ms. Midcalf stated: "I'm sure the record will reflect  that Friday I recall Ms. McAdams and I came to some sort of agreement as to the pending motions and I gave her a copy of a proposed order and that was done I believe that Friday following the Monday the trial was set." Another case preempted McGhee's on June 11, 1990. Judge Jerry Terry, the assigned trial judge, on his own motion entered an order on June 15, 1990, continuing the case to the August 1990 term because he was engaged in the trial of State v. Trong Nguyen. On June 20, 1990, Judge Terry, again on his own motion, entered an order continuing McGhee's case for motions only until August 10, 1990, because he was still trying the Trong Nguyen case.
*805 How was the December 3, 1990 trial date determined? McGhee's counsel shed sufficient light on the issue at the Motion to Dismiss Hearing held February 5, 1991, the morning of McGhee's trial. Referring to the Dec. 3, 1990 trial date, Ms. Midcalf told Special Circuit Judge W.M. O'Barr: "We did agree, had to agree to the next available trial setting... . I presented her (Ms. McAdams) with a proposed agreed order." However, the proposed agreed order was never entered. Failure to enter the agreed order is of little consequence, because the record clearly indicates that the December 3, 1990 trial setting was agreed to by both the State and McGhee.
Defense counsel having presented the proposed agreement to the State, and the State having accepted and agreed thereto for the December 3, 1990 trial setting, McGhee thus waived his statutory speedy trial rights for the period of June 20, 1990 to December 3, 1990. This Court, in Arnett v. State, 532 So.2d 1003, 1011 (Miss. 1988), found that an oral agreement for a continuance tolled the 270-day statute without written order of continuance by the trial court. The case sub judice, with its two prior valid orders of continuance on motion of the trial judge, is factually similar to Arnett. Only the 115 days that elapsed from arraignment until the first trial setting on June 11, 1990, could be counted toward the 270 days. Even if the 63 days between Dec. 3, 1990 and Feb. 5, 1991 is counted, the total of 178 days is far short of a 270 day violation. The "good cause" orders of the trial court, by its own motion, and the agreed to trial setting of December 3, 1990, by the State and McGhee places the time frame well within 270 days, hence no statutory violation.
We need not apply our more recent case of State v. Harrison, 648 So.2d 66 (Miss. 1994), wherein this Court, rather than dismiss Harrison's case with prejudice, for a violation of the 270 day statute, remanded to the trial court for a hearing to determine whether or not the defendant's ability to defend against the charge was prejudiced and whether the State deliberately engaged in oppressive conduct. Harrison was a case involving a clear violation of the 270 day statute, whereas the case sub judice absolutely is not.

CONCLUSION
McGhee's statutory and constitutional right to a speedy trial have not been violated for the reasons set out above. The State in the case sub judice did not file a single motion for continuance. The continuance orders were entered on the trial court's own motion due to his trying other cases set prior to McGhee's. It should go without saying that a trial judge cannot preside over two trials at the same time. There is nothing "generic" about the continuance orders entered in the case at bar. There is nothing in this record which shows intentional negligent action or deliberate attempts by the State to create or foster delay. McGhee was not just another number lost in the system. McGhee was tried at the earliest possible date in a jurisdiction with limited judges and prosecutors operating with an extremely congested trial docket, ultimately utilizing a special circuit judge to afford McGhee a trial. McGhee's counsel agreed to the December 3, 1990 trial setting thereby waiving any objection for the time frame of June 20, 1990 until December 3, 1990. In the case at bar, an obviously congested trial docket with the designated trial judge presiding over another, previously set criminal trial, should clearly constitute "good cause" for the nominal delay in McGhee's trial for the capital rape of the minor female child.
We find no errors in McGhee's conviction of capital rape and sentence of life in the custody of the Mississippi Department of Corrections.
CONVICTION OF CAPITAL RAPE AND SENTENCE OF LIFE IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN and JAMES L. ROBERTS, Jr., JJ., concur.
BANKS, J., concurs as to Part I.
SULLIVAN, J., dissents with separate written opinion joined by McRAE, J.
BANKS, J., joins as to Part II.
*806 SULLIVAN, Justice, dissenting:
The majority incorrectly concludes that there was neither a constitutional nor a statutory speedy trial violation in this case. There are four Barker factors, all of which weigh in McGhee's favor. Justice Smith correctly finds that the first three factors weigh against the state. Nevertheless, in accordance with the unwise course this Court has adopted in constitutional speedy trial cases, the majority ignores the first three Barker factors and holds that no constitutional speedy trial violation occurred because McGhee failed to prove actual prejudice to his case. There was also clearly a violation of McGhee's statutory right to a speedy trial pursuant to Miss. Code Ann. § 99-17-1 (1994). I must respectfully dissent.

I. McGHEE'S CONSTITUTIONAL SPEEDY TRIAL CLAIM
I agree with my brother Smith that a delay of 574 days creates presumptive prejudice in McGhee's favor which triggers the remaining three Barker factors. I also agree that the third factor in the Barker analysis, assertion of right, weighs in McGhee's favor. However, I would place more weight in favor of McGhee on this factor in the analysis than does the majority opinion.
While I agree with the majority's conclusion that the second Barker factor, reason for the delay, weighs against the state in this case, I note that the majority has once again gone to great pains to find that a congested docket may serve to constitute good cause in the constitutional speedy trial context. See State v. Magnusen, 646 So.2d 1275 (Miss. 1994). As I pointed out in my dissent in Magnusen, at 1287, the United States Supreme Court has clearly determined that delay caused by a congested docket weighs against the state, although lightly. Barker v. Wingo, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101. This is because the government is ultimately responsible for bringing a defendant to trial. Thus the Supreme Court has firmly held that congested docket delays weigh against the state, no matter how mightily this Court strains to find otherwise.
In further regard to the majority's conclusion on the constitutional speedy trial issue, I dissent for the same reasons I have consistently rejected this Court's recent pronouncements in that area. Giles v. State, 650 So.2d 846 (Miss. 1995) (See, Sullivan, J., concurring in part, dissenting in part); Magnusen, 646 So.2d 1275 (See Sullivan, J., joined by Pittman and McRae, JJ., dissenting); Rhymes v. State, 638 So.2d 1270 (Miss. 1994) (See, Sullivan, J., joined by McRae, J., dissenting); Perry v. State, 637 So.2d 871 (Miss. 1994) (See, Sullivan, J., dissenting). It is alarming that this Court continues to readily acknowledge that no single factor is dispositive in the constitutional speedy trial context (Majority opinion at 801), yet relentlessly disposes of these cases by essentially relying on the answer to one question: Did the defendant prove actual prejudice to his defense as a result of the delay in this case?
The Supreme Court has "explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony `can rarely be shown.'" Doggett v. U.S., 505 U.S. 647, 665, 112 S.Ct. 2686, 2692-93, 120 L.Ed.2d 520 (1992), citing Barker, 407 U.S. at 532, 92 S.Ct. at 2193. Still, in order for a defendant to succeed in a constitutional speedy trial claim in this state, he must prove particularized prejudice to his case. I reject the path this Court has chosen in constitutional speedy trial claims.

II. McGHEE'S STATUTORY SPEEDY TRIAL CLAIM
Our unambiguous speedy trial statute, Miss. Code Ann. § 99-17-1 (1994), reads as follows:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
The majority concedes that 344 days elapsed between arraignment and indictment in this case. McGhee never requested a continuance. In fact, each time his case came up for trial McGhee announced he was ready to proceed.
*807 However, the majority finds that good cause was shown, and that consequently the statute was not violated, based on two arguments: (1) two form orders of continuance granted by the court on its own motion tolled the running of the statute from June 11, 1990, to June 20, 1990; and (2) McGhee waived his statutory speedy trial rights from June 20, 1990, to December 3, 1990, because the December 3, 1990, trial date was agreed to by both McGhee and the state. For these two reasons, the majority claims that only 178 days can be calculated against the state (115 days between arraignment and the first trial date plus 63 days between December 3, 1990, and the February 5, 1991, date that the case was actually tried).
The two generic orders of continuance granted on the motion of the court should not be deemed good cause for purposes of tolling statute. The form orders state that McGhee's case was continued because the trial judge was engaged in another trial. Stated differently, this case was continued because of docket congestion. Justice Banks wrote this Court's most recent pronouncement on the law of a defendant's statutory right to a speedy trial in State v. Harrison, 648 So.2d 66 (Miss. 1994). The majority of this Court in Harrison adopted Justice Banks' dissent in the case of Winder v. State, 640 So.2d 893 (Miss. 1994). I dissented in both cases and remain steadfastly opposed to the approach adopted by this Court.
Nevertheless, Harrison is now the law. This Court, using an imaginative interpretation of our speedy trial statute, has softened the blow to the state upon a finding of a violation of the 270 day rule. Harrison, at 71. According to the Harrison opinion, when a violation of the 270 day rule occurs, the case is now reversed and remanded for the trial court to determine whether the defendant was prejudiced and whether the state engaged in deliberately oppressive conduct. If the court finds neither prejudice nor deliberately oppressive conduct by the state, the indictment is dismissed without prejudice. Id. Thus, no longer is absolute discharge the rule when the state violates the speedy trial statute.
Part of the reasoning in Justice Banks' Winder dissent, adopted by this Court in Harrison, was as follows:
The remedy that we have tacitly accepted and imposed, dismissal, has led to, as in the instant case, ever more lenient interpretations of just cause in order to avoid its effect. Ross v. State, 605 So.2d 17, 21 (Miss. 1992); Folk v. State, 576 So.2d 1243, 1247 (Miss. 1991). We should abandon that approach. .. .
I concurred with this portion of Justice Banks's Winder dissent. Id., at 904 (Sullivan, J., dissenting). Thus, with the Harrison adoption of Justice Banks' Winder dissent, this Court has abandoned the approach of "ever more lenient interpretations of just cause" in favor of the new "remedy." The majority is now compelled to follow Harrison, which means that allowing two form order congested docket continuances to serve as good cause is not permissible.
Nor is it acceptable to allow the "agreement" between McGhee and the state to continue his case to December 3 to serve as good cause for the delay. The only reason McGhee agreed was because he was left no choice by the state's failure to bring him to trial sooner on account of docket congestion. McGhee's counsel informed the trial court the following in the hearing on his motion to dismiss:
We have always announced ready, we have not asked for a continuance in this case, to the best of my recollection, it was reset on an agreed-upon date which was December 3rd, but of course that was the next date that the judge would be available to try the case after it did not come up on the first trial docket. So we would ask the Court to dismiss the case against Mr. McGhee.
.....
We did agree, we had to agree to the next available trial setting because it was some four to five days later and the case still had not been heard... .
This is not a case where the defendant wanted a continuance  McGhee at all times maintained he was ready to go to trial. The state was not ready  McGhee was forced to agree on the December 3 trial setting. I would *808 hold this does not constitute just cause under our speedy trial statute. The statute was clearly violated.
Based on the new rule announced in Harrison, this case should be reversed and remanded for the state to have the opportunity to show McGhee was not prejudiced and that the state did not engage in deliberately oppressive conduct. If prejudice is found to have existed, obviously dismissal with prejudice is the result. If the trial court finds no prejudice or deliberately oppressive conduct, the indictment against McGhee should be dismissed without prejudice.
As I have already noted, the United States Supreme Court has recognized how difficult it is to make a showing of actual prejudice resulting from a delay in a criminal case. I must take this opportunity to reiterate my disagreement with this Court's flawed new "remedy." Our speedy trial statute makes neither an express nor implied mention of prejudice. Still, this Court has found it to exist within the meaning of the statute. We are sadly left with Harrison, no matter how much the majority wishes to revert to our pre-Winder/Harrison cases in which the clear meaning of the statute was stretched in order to avoid discharging defendants.
I respectfully dissent.
McRAE, J., joins this opinion. BANKS, J., joins as to Part II.