PAYNE, J„
for the Court:
PROCEDURAL HISTORY
¶ 1. James Parker Snow was arrested on three counts of making an obscene phone call on June 30, 1993. On August 23, 1993, he was indicted in criminal action # 2386 by the Grand Jury of the Second Judicial District of Jasper County, Mississippi. A judgment of continuance for term was entered on April 13, 1994. On May 2, 1994, Snow, pro se, filed a motion to dismiss for failure of the State to prosecute. In that motion, Snow alleged that he did not give his attorney permission to continue his case. Snow further argued that he did not receive a speedy trial.
¶ 2. Criminal action # 2386 was dropped September 10,1996, after Snow, on February 27, 1995, was indicted a second time for the same three violations of Miss.Code Ann. § 97-29-45 (Rev.1994). The second criminal action was titled # 2538.
¶ 3. On September 3, 1996, Snow was tried and convicted on all three counts of criminal action #2538. On September 5, 1996, the trial court sentenced Snow to a term of two years on each count, all sentences to run consecutively.
¶ 4. Snow lodged a motion for a new trial and JNOV. Both were denied. Feeling aggrieved, Snow appealed. Having read the arguments tendered, we affirm Snow’s conviction.
FACTS
¶ 5. James Snow previously worked at Convarest Nursing Home in Newton, Mississippi. He was interviewed and hired by Mrs. Lynn Johnson. Prior to being terminated from his job, Snow worked at this nursing home for approximately one year.
¶ 6. On June 20, 1993 Snow made a phone call to the home of Mrs. Johnson. Snow told her that “I’d love to f — k you.” On June 23, 1993, Snow called Mrs. Johnson and stated that “I’ve got to f — k you.” On June 26, 1993, the defendant made a third phone call to Mrs. Johnson and stated, “I’d love to f — k you.”
¶ 7. Each phone call was made after midnight. Mrs. Johnson stated that these phone calls were unwelcome. The phone calls were reported to the’ authorities, and the defendant was subsequently arrested.
ISSUES PRESENTED
I. WHETHER THE TRIAL COURT ERRED IN REFUSING TO DISMISS THE CASE DUE TO THE FAILURE OF THE STATE TO PROSECUTE WITHIN 270 DAYS OF ARRAIGNMENT.
¶ 8. The substance of Snow’s argument centers on his right to be tried within 270 days from the date of his arraignment as well as his constitutional right be tried within a reasonable period of time. Snow was arrested on June 30, 1993, and arraigned on indictment #2386 on August 27, 1993. Snow was ultimately tried on September 3, 1996, for using obscene language over the phone under criminal action # 2538. Admittedly, this is not the conventional criminal case where the individual charged with the crime was tried soon after his arrest. Considering that fact and in order to appreciate the circumstances which caused Snow to be tried years after his arrest and initial arraignment on this charge, that portion of the procedural history needed to evaluate the circumstances of this case is listed below.
¶ 9. The record reflects that Snow was arrested on June 30, 1993, and arraigned on August 27, 1993. Following his arraignment,- Snow filed numerous motions countering the validity of the State’s activities to have him prosecuted and requesting additional time. On April 13, 1994, Snow moved ore tenus (nunc pro tunc February 25, 1994) for a continuance for the term. The trial judge granted the continuance to the August term. On April 28, 1994, Snow moved to dismiss for failure to prosecute. Filing pro se, Snow, on August 3, 1994, filed a motion to amend the motion to *1096 dismiss for failure to prosecute with a request to file a motion to quash indictment. On August 29, 1994, Snow filed a motion challenging the constitutionality of Miss.Code Ann. § 97-29-45 (Rev.1994). On August 31, 1994, the trial judge ordered Snow to undergo a psychiatric examination at the Mississippi State Hospital at Whitfield.
¶ 10. On February 27, 1995, Snow was indicted a second time for the same crime but under a separate indictment: criminal action #2538. On March 3, 1995, Snow was arraigned again. On September 11, 1995, a motion was requested by the district attorney to have Snow evaluated by a private psychiatrist. On October 6, 1995, the trial judge ordered that Snow be seen by a private psychiatrist. Following Snow’s evaluation, the psychiatrist filed his evaluation with the court on October 26, 1995. On March 19, 1996, the judge set the trial date for criminal action #2538.
¶ 11. On March 4, 1996, Snow filed a motion to enforce a plea agreement. This motion was reviewed by the trial judge on March 19, 1996. Following this action, on June 5, 1996, Snow requested a motion for continuance. The trial judge ruled on this motion July 16, 1996. On July 10, 1996, the defendant filed a motion to declare Miss.Code Ann. § 99-19-83 unconstitutional.
¶ 12. Finally, on September 3, 1996, Snow was tried. After he was convicted on criminal action # 2583, criminal action # 2386 was dismissed. Thus, for a period of 18 months Snow was subject to two criminal indictments.
¶ 13. First, we consider both indictments statutorily, then we consider both indictments from a constitutional perspective.
¶ 14. Miss.Code Ann. § 99-17-1 (Rev. 1994) reads as follows:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
With regard to this statute our supreme court has stated:
Where the accused is not tried within 270 days of his arraignment, the State has the burden of establishing good cause for the delay since the accused is under no duty to bring himself to trial. Nations v. State, 481 So.2d 760 (Miss.1985). Continuances for “good cause” toll the running of the 270-day period, unless “the record is silent regarding the reason for the delay,” and then “the clock ticks against the State because the State bears the risk of non-persuasion on the good cause issue.” Vickery v. State, 535 So.2d 1371, 1375 (Miss.1988).... Continuances that are attributed to the defendant stop the running of the clock and are deducted from the total number of days before trial. Vickery, 535 So.2d at 1376.
Herring v. State, 691 So.2d 948, 953 (Miss.1997).
¶ 15. Snow was tried and convicted under the second indictment; thus, our analysis begins with addressing the speedy trial issue under that indictment.
¶ 16. Snow was indicted a second time for the same crimes on February 27, 1995. Preceding that indictment, Snow was ordered by a judge to be mentally evaluated. As discovered in the record, on August 31, 1994, Snow was ordered by the trial judge to submit to a mental evaluation by a psychiatrist. Subsequently, Snow was ordered by the trial judge to submit himself for evaluation by a private psychiatrist, rather than being sent for evaluation at the Mississippi State Hospital in Whitfield. Snow’s evaluation was completed and filed on October 26, 1995. Thus, the period of time between the order for Snow to submit to a mental evaluation on August 31, 1994 through October 26, 1995 — the time when the mental evaluation was filed — time was tolled and this time will not count against the State, as it was *1097 in Snow’s best interest to have a complete evaluation of his mental state. Because several months passed from the time Snow was indicted a second time until his mental evaluation was completed then filed, time was tolled and not charged to the State.
¶ 17. On March 1, 1996, Snow filed a motion to sever the offenses found-in the indictment.[1] Snow also filed a “Motion to Enforce Plea Agreement.” This motion states in part:
The defendant would show that he plead guilty to the maximum that he could receive on eight counts and did this because he was informed by his attorney in Newton County and his attorney in Jasper County, at the time, that if he would plead guilty, that the charges in Jasper County, (the above criminal action) would be dropped or passed to the files based upon an agreement with the District Attorney’s Office in Jasper and Newton Counties.
This motion was filed on March 4, 1996. Following this motion, the trial judge ruled on the matter March 19, 1996 and set the date of the trial for September 3, 1996. The time tolled on this motion was from March 4, 1996 until March 19, 1996 — or 15 days.
¶ 18. On May 2, 1996, District Attorney Dewitt Fortenberry filed his affidavit stating that he had never entered negotiations with the district attorney of Newton County relative to the issue presented today. On May 3, 1996, the trial court inquired whether Snow wished to have his previous attorneys subpoenaed on his motion to set aside the guilty plea. He stated that he did not. On June 5, 1996, Snow filed a motion for continuance — requesting that his former attorneys be subpoenaed. The time tolled on this motion would be from June 5, 1996 — the date the defendant requested a continuance, until July 16, 1996 — the date the trial court ruled against the defendant’s motion to set aside the guilty plea.
■ IT 19. In a general sense, what our calculations boil down to are two dates: October 26, 1995 and September 3, 1996, and what occurred between .these dates. October 26, 1995, is the date Snow’s mental evaluation was submitted, and September 3, 1996 is the date Snow’s trial began. Dispersed between these dates are references to motions, -several of which toll the running of time. After subtracting' the time these events required to complete, a. period of approximately 203 days passed without Snow’s being.tried .for the crime he was charged with committing. Simply stated, Snow has no available statutory relief from this conviction based on the second indictment.
¶ 20. Having said that, we now turn to the initial indictment. Snow has no available statutory relief from the initial indictment either. As the facts reveal, Snow was arrested on July 30, 1993 and was arraigned on August 27, 1993. He filed a motion for continuance on April 13, 1994 (nunc pro tunc February 25, 1994) for a continuance for the term. . The continuance was granted by the circuit judge. On August 31, 1994, Snow was ordered to submit for mental evaluation. Calculating this period of time reveals that based upon Miss.Code Ann. § 99-17-1 (Rev.1994) he has no relief.
¶ 21. Though ineptly argued, Snow insists that his constitutional right to a speedy trial has been violated. Applying the constitutional speedy trial test to the facts, shown, we find that the defendant was not deprived of a speedy trial — under either indictment. Snow’s constitutional right to a speedy trial is weighted under the factors established by the United States Constitution, in Barker v. Wingo, 407 U.S. 514, 530-32, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Barker factors read as follows:
*1098 (1) the length of the delay;
(2) the reason for the delay;
(3) the defendant’s assertion of his right to a speedy trial; and
(4) whether any prejudice resulted to the defendant as a result of the delay.

Id.

¶22. We are also mindful that when evaluating these factors that:
No mathematical formula exists according to which the Barker weighing and balancing process must be performed. The weight to be given each factor necessarily turns on the quality of evidence available on each and, in the absence of evidence, identification of the party with the risk of nonpersuasion. In the end, no one factor is dispositive on the question. Nor is the balancing process restricted to the Barker factors to the exclusion of any other relevant circumstances.
McGhee v. State, 657 So.2d 799, 801-02 (Miss.1995) (citing State v. Magnusen, 646 So.2d 1275, 1278 (Miss.1994)).
¶ 23. We begin our four part analysis by addressing the length of the delay. The constitutional speedy trial clock begins to run from the date of arrest, McGhee, 657 So.2d at 802, and we are mindful that a delay of eight months or longer is presumptively prejudicial. Herring, 691 So.2d at 955. Snow was arrested on July 30, 1993. He filed a motion for continuance on April 13, 1994 (nunc pro tunc February 25, 1994) for a continuance for the term which the circuit judge granted. The life of this motion lasted well into the August term. On August 31, 1994, Snow was ordered to submit to a mental evaluation. At this point, Snow was under only one indictment and as noted above, he had filed a motion for continuance. Considering the time between his arrest until he was indicted a second time, “good cause” was shown, and Snow cannot now complain for actions taken on his behalf. Considering the time between the second indictment and the time of his trial, Snow had been mentally evaluated and had initiated a string of motions following this evaluation. We will not charge the State with the appellant’s actions.
¶ 24. Next we address the reasons for delay. As stated above in our analysis of the Miss.Code Ann. § 99-17-1 (Rev.1994) with the recorded facts, Snow’s trial was delayed for “good cause.” These “good cause” delays do not weigh against the State.
¶ 25. Next, we look at the time Snow asserted his right to a speedy trial. Snow was arraigned on indictment #2386 on August 27, 1994, and thereafter, on May 2, 1994, Snow — pro se — filed a motion to dismiss for failure of the State to prosecute. Since Snow made his desire for a speedy trial clear, this factor weighs in his favor.
¶ 26. Finally, we must look at any actual prejudice to Snow as a result of the delay. What appears to be the obvious prejudice is the fact that Snow was not tried soon after his arrest and arraignment and perhaps suffered some anxiety. However, the facts of the ease reveal that the delays were for “good cause” — many delays being measures taken by Snow to defend against his prosecution.
¶ 27. Having reviewed all of the Barker factors in their entirety, and after reviewing the total circumstances of this case, we conclude that Snow was not denied his constitutional right to a speedy trial. In a similar vein, the statutory speedy trial clock was tolled for “good cause.”
CONCLUSION
¶28. Linking this period of time — from his arrest until his conviction, to the present — is a product of Snow’s appeal and request for relief. He has failed to persuade this Court with his citations of error. We affirm.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF JASPER COUNTY OF CONVICTION OF COUNTS I, II, AND III OF PROFANE AND INDECENT LANGUAGE OVER THE TELE *1099 PHONE AND SENTENCE OF TWO YEARS ON EACH COUNT AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SENTENCES IN COUNTS I, II, AND III TO RUN CONSECUTIVELY AND CONSECUTIVE TO THE SENTENCE PRESENTLY SERVING, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO JASPER COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND THOMAS, JJ„ CONCUR.
KING, P.J., CONCURS IN RESULT ONLY.

. We have failed to find an order in the trial papers which rules on this motion to sever. Snow was tried on all counts, and we must assume that the trial judge ruled against this motion based upon Snow’s conviction.