BRIDGES, J.,
for the Court:
¶ 1. An Alcorn County grand jury indicted William Daniel Whitaker and Donna Maride for burglary and larceny of a vehicle. On August 13, 1998, Whitaker was found guilty by a jury of his peers, and Judge Frank A. Russell sentenced him to serve seven years in the custody of the Mississippi Department of Corrections, with said sentence to run concurrently with another Whitaker already faced in Alcorn County. Whitaker appeals the trial court’s judgment alleging the following as error:
I. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT’S MOTION TO DIS *1062 MISS FOR LACK OF A SPEEDY TRIAL.
Finding Whitaker’s allegation without merit, we affirm.
FACTS
¶ 2. On or about September-15, 1996, a young woman stopped at a gas station in Corinth for refreshments. Whitaker and Maride approached her car and stole a purse sitting in the front seat of the vehicle. The police report listed the value of the purse and its contents at over $1,000. The local authorities conducted a photographic line-up at the police station for the victim. She immediately identified Whitaker as one of the perpetrators of this crime. Armed with this eyewitness identification, the police • arrested Whitaker on October 2,1996.
¶ 3. Whitaker’s indictment was filed on December 30, 1996, and the defendant was arraigned on February 4, 1997, at which time pre-trial motion deadlines were set for March. On April 7, 1997, the defendant filed a pro se demand for a speedy trial. One week later, the trial court entered an order stating that Whitaker’s case would be pre-empted by another trial due to a clogged court docket. Noting that this delay was for good cause, the trial court announced that the 270 day rule would be tolled. On April 15, eight days after the defendant filed his demand for a speedy trial, the court granted the ore terms motion of the court appointed defense attorney to withdraw that demand.
¶ 4. During the next term of court, July 1997, defense counsel filed a motion to withdraw citing a “conflict of interest” in representing Whitaker. The motion was granted, and the case was held over until the next term of court, which began in November 1997. On August'6, 1997, again acting pro se, Whitaker filed a motion to dismiss and argument in support of the motion. Two days later on August 8, Clay Nails was assigned to the case to represent Whitaker.
¶ 5. For reasons unclear in the record, on November 20, 1997, attorney Ronald Windsor entered an appearance for Whitaker by signing a continuance as the attorney for the defendant, but failed to file his entry of appearance until Feb. 8,1998. On February 11, 1998, Windsor again signed a continuance as the attorney for the defendant, but signed it as “approving as to form only.” The February continuance was issued because of a clogged docket and again the court found good cause shown and tolled the 270 day rule. The February continuance also contained language about the second request for a speedy trial filed August 6, 1997, and stated that it had been withdrawn. In April 1998, a trial was held and a mistrial declared. Another trial was held on August 13,1998, and Whitaker was convicted.
LEGAL ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT’S MOTION TO DISMISS FOR LACK OF A SPEEDY TRIAL
¶ 6. Each person accused of a crime is secured the right to a speedy trial independently by the Sixth and Fourteenth Amendments to the Constitution of the United States and by Article 3, Section 26 of the Mississippi Constitution of 1890. Whitaker’s constitutional right to a speedy trial attaches at the time of arrest. Simmons v. State, 678 So.2d 683, 686 (Miss.1996). The trial was held more than twenty-two months after his arrest, and a delay of more than eight months triggers an inquiry into the reasons that postponed Whitaker’s day in court. Jaco v. State, 574 So.2d 625, 629-30 (Miss.1990) (citing Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). In assessing the effects of a delay longer than eight months, the following four factors must be considered: 1) length of delay, 2) reason for the delay, 3) defendant’s assertion of his right to a speedy trial, and 4) resulting prejudice to the defendant. Jaco, 574 *1063 So.2d at 630. Our supreme court reminded us in Jaco that each factor in the four pronged analysis is as important as the others and are to be weighed individually against the particulars of each case saying:
No mechanical formula exists according to which these factors must be weighed and balanced. The weight given each necessarily turns on the peculiar facts and circumstances of each case, the quality of evidence available on each factor and, in the absence of evidence, identification of the party with the risk of non-persuasion. No one factor is dis-positive. A sensitive weighing and balancing of all remain our touchstone.
Id. at 630.
¶ 7. Under the first factor, clearly the length of the delay is too long. The Mississippi Supreme Court has held that any delay of eight months or longer is presumptively prejudicial. Smith v. State, 550 So.2d 406, 408 (Miss.1989). As noted earlier, with more than twenty-two months having elapsed from Whitaker’s arrest until trial, this factor favors Whitaker.
¶ 8. Proceeding to the second factor, it is imperative that the reasons behind each delay are carefully examined. Delays not attributable to Whitaker weigh against the prosecution unless the State can show good cause. Vickery v. State, 535 So.2d 1371, 1377 (Miss.1988). Whitaker had at least three attorneys appear on his behalf in this matter, with two officially being appointed, one officially withdrawing, one remaining throughout the trial and appeal, while, another just appeared on Whitaker’s behalf occasionally. In Taylor v. State, the supreme court observed that delays associated with the defendant switching counsel is beyond the control of the State and should be charged to the defendant. Taylor v. State, 672 So.2d 1246, 1259 (Miss.1996). The supreme court has also determined that moving a trial to the next term of court because it was pre-empted by another trial is considered “good cause shown” under this analysis. McGhee v. State, 657 So.2d 799, 803 (Miss.1995). One continuance was granted to Whitaker because his attorney withdrew from the case. Later, a second continuance was granted when both the district attorney and Whitaker’s attorney at the time signed the entry order. Twice the lower court moved the trial date due to clogged court dockets. The record is devoid of any reference that the State’s action or inaction caused significant delay in bringing Whitaker to trial. When the case finally came to trial in April of 1998, a mistrial was declared, and Whitaker was tried again about four months later. Before the mistrial, all delays can be attributable to Whitaker alone or both the State and Whitaker equally. Removing approximately fourteen months from this calculation, about eight months passed. Considering the bulk of the delay rests with Whitaker through continuously swapping legal counsel and signing continuances, this prong weighs in favor of the State.
¶ 9. The third prong of the Barker analysis requires the defendant to assert his right to a speedy trial. Jaco, 574 So.2d at 632. While the defendant has some responsibility to assert his right to a speedy trial, the primary burden falls on the courts and the prosecutor to assure that cases are brought to trial in a timely fashion. Flores v. State, 574 So.2d 1314, 1323 (Miss.1990). Whitaker did in fact submit two separate motions for a speedy trial but had his attorney withdraw the April 7, 1997 motion almost immediately after he filed it. The language of the February continuance noted that a motion for a speedy trial had been filed, but withdrawn. This language seems to be a clear reference to the August 6, 1997 motion because it was the most recent., Therefore, although Whitaker filed two motions pro se, his attorneys either withdrew them on his behalf or waived them by agreeing to continuances after asserting said motions. Thus, the State benefits from our review of this factor.
*1064 ¶ 10. The final factor concerns any prejudice the defendant may have suffered as a result of the delay. Whitaker specifically asserts he suffered prejudice because had the trial been conducted sooner, the memory of potential witnesses would have been fresher, and they would have more easily recalled testimony. There is no merit to this allegation. Whitaker fails to point to any specific place in the record where a witness’s memory was affected, nor does he even point out a witness’s lack of detail in answering a question posed by either side. Again, the State profits from our analysis of this factor.
CONCLUSION
¶ 11. Although the delay was presumptively prejudicial, we conclude that facts of this case warrant the balance of the remaining Barker factors to fall squarely on the side of the State’s case. Consequently, this Court finds no violation of Whitaker’s rights to a speedy trial and affirms the decision of the lower court.
¶ 12. THE JUDGMENT OP THE CIRCUIT COURT OP ALCORN COUNTY OF CONVICTION OF BURGLARY AND LARCENY OF A VEHICLE AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ORDER TO PAY RESTITUTION TO THE VICTIM IN THE AMOUNT OF $1,181.00 IS AFFIRMED. SENTENCE IMPOSED SHALL RUN CONCURRENTLY WITH ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE TAXED TO ALCORN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.