KING, C.J.,
 

 for the Court.
 

 ¶ 1. On October 3, 2007, Percy Clark was convicted in Hinds County Circuit Court of Count I, burglary of a business, and Count II, possession of burglary tools, and sentenced to seven years on Count I and five years on Count II, all to be served in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Clark appeals arguing the following issues: (1) whether the trial court committed plain error by allowing the State to impermissi-bly comment on his
 
 post-Miranda,
 
 silence, and (2) whether the trial court erred in failing to grant his motion to dismiss for violation of his constitutional and statutory rights to a speedy trial.
 

 ¶ 2. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. On April 7, 2006, Harry Rosenthal, a Jackson attorney, arrived at his property, which spans from 820 to 834 West Capitol Street in Jackson, Mississippi. According to Rosenthal, it was his normal routine when he arrived at work to check the exterior of the unoccupied buildings to make certain that the doors were locked. Rosenthal found that the doors were locked. Rosenthal testified that while running an errand, he discovered that the boards used to secure the door to the building at 820 West Capitol were pulled down and the door was open. Building 820 was used as a storage facility for old files, books, excess furniture, computers, and computer parts. Finding the door ajar, Rosenthal returned to his office, retrieved his pistol, and then returned to the open building. Rosenthal stated that he fired a shot into the building to inform the possible intruder that he was entering the building. After entering the building and surveying his surroundings, Rosenthal saw a man, who was later identified as Clark, standing behind a door. Rosenthal ordered Clark to come out and sit down on the floor, at which point Clark was found to be in possession of a couple of screwdrivers, sheet metal tools and cutters, and a pair of pliers. Rosenthal testified he noticed that wiring and what appeared to be pieces of copper pipe, which had been cut from the air conditioner, were on the floor. Rosenthal alerted 911 to the break in and
 
 *782
 
 detained Clark at gunpoint until the police arrived.
 

 ¶4. In September 2006, Clark was indicted as a habitual offender for possession of burglary tools and burglary of a business. On October 3, 2007, Clark was found guilty of both offenses and was sentenced to seven years on Count I, burglary of a business, and five years on Count II, possession of burglary tools, all to be served in the custody of the MDOC. On October 4, 2007, Clark filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. The trial court denied the post-trial motion on October 8, 2007.
 

 ANALYSIS
 

 I. Whether the trial court committed plain error by allowing the State to impermissibly comment on Clark’s post
 
 -Miranda
 
 silence.
 

 ¶ 5. During the State’s opening statement, the prosecutor made the following remark:
 

 Now, Detective William Waples and Detective Terence Ware were the two detectives who interviewed the defendant, and it was from that interview that they were able to determine that the defendant’s name was Percy Clark, what his date of birth was and what his Social Security number was.
 

 ¶ 6. Clark offered no objection to this statement. However, he now argues that the State’s remark was an implicit and impermissible comment on his fundamental right to remain silent. Clark claims that the remark was intended by the State to imply that Clark’s failure to tell the police anything other than his name, age, and social security number was indicative of his guilt. Clark contends that the effect of the remark was to suggest that when given an opportunity to explain himself, he declined to speak, which therefore meant he was guilty.
 

 ¶ 7. Clark asserts that because the alleged improper remark infringed on his fundamental right to remain silent, this Court should review the matter as plain error. “The plain-error doctrine is implicated when an error occurs at trial which affects substantial rights and results in ‘a manifest miscarriage of justice.’ ”
 
 McDowell v. State,
 
 807 So.2d 413, 424(¶ 34) (Miss.2001). This Court held in
 
 Baskin v. State,
 
 991 So.2d 179, 183(1118) (Miss.Ct.App.2008) that the “failure to object to an allegedly improper statement made during closing arguments will bar appellate review of the issue unless it constitutes plain error.”
 

 ¶ 8. The remark was a mere recitation of the facts, simply stating that the named detectives were able to obtain Clark’s identity during an interview, and the remark was in no way a statement that Clark chose to remain silent after being given his
 
 Miranda
 
 warning. There is no evidence to suggest that the remark in any way prejudiced Clark’s receipt of a fair trial. We find that the prosecutor’s remark was not improper; thus, it does not constitute error. Accordingly, Clark’s issue is without merit.
 

 II. Whether the trial court erred in failing to grant Clark’s motion to dismiss for a violation of his constitutional and statutory rights to a speedy trial.
 

 ¶ 9. Clark asserts that because 542 days elapsed between his arrest and trial and 329 days elapsed between his arraignment and trial, the trial court erred in refusing to grant his motion to dismiss for a violation of his constitutional and statutory rights to a speedy trial. Clark argues that the trial court erred in finding that an overcrowded docket excused the State’s
 
 *783
 
 violation of his constitutional and statutory rights to a speedy trial. The supreme court has previously held that:
 

 Review of a speedy trial claim encompasses the fact question of whether the trial delay rose from good cause. Under this Court’s standard of review, this Court will uphold a decision based on substantial, credible evidence. If no probative evidence supports the trial court’s finding of good cause, this Court will ordinarily reverse. The [SJtate bears the burden of proving good cause for a speedy trial delay, and thus bears the risk of non-persuasion.
 

 DeLoach v. State,
 
 722 So.2d 512, 516(¶ 12) (Miss.1998) (internal citations and quotations omitted).
 

 A. Constitutional Right
 

 ¶ 10. The constitutional right to a speedy trial attaches at arrest.
 
 Manix v. State,
 
 895 So.2d 167, 175(¶16) (Miss.2005). This right “is examined using a four-factor test developed by the United States Supreme Court. First, the length of delay is considered; second! ], the reasons for the delay; third, whether the defendant asserted their [sic] right to a speedy trial; and last, whether the defense suffered any prejudice from the delay.”
 
 Id.
 
 at 175-76(¶ 16) (citing
 
 Barker v. Wingo,
 
 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)).
 

 1. Length of Delag
 

 ¶ 11. “The Mississippi Supreme Court has held that a delay of eight months or longer is presumptively prejudicial.”
 
 Biggs v. State,
 
 741 So.2d 318, 328(¶42) (Miss.Ct.App.1999). Clark was arrested on April 7, 2006, and tried on October 1, 2007. This delay of approximately eighteen months is presumptively prejudicial; thus, it requires inquiry into the other
 
 Barker
 
 factors. The following chronology of the events in this case provides:
 

 NUMBER OF DAYS EVENTS_DATE(S)_BETWEEN EVENTS
 

 Arrest_April 7, 2006_
 

 Indictment_October 10, 2006_186_
 

 Arraignment_November 6, 2006_27_
 

 Initially set for trial, but January 24, 2007 (con- 79 continued_tinued to April 23, 2007)_
 

 Pro se demand for speedy March 26,2007 61 trial filed_
 

 Continuance granted May 18, 2007 (continued 53 _to July 23, 2007)_
 

 Continuance granted August 6,2007 (contin- 80 _ued to October 1, 2007)_
 

 Pro se motion to dismiss August 13,2007 7 filed_
 

 Trial commenced_October 1, 2007_49
 

 2. Reason for Delay
 

 ¶ 12. Once the delay is found to be presumptively prejudicial, “the burden shifts to the prosecutor to produce evidence justifying the delay and to persuade the trier of fact of the legitimacy of these reasons.”
 
 Biggs,
 
 741 So.2d at 328(¶ 44). The State asserts that the reason for the delay was an overcrowded docket.
 

 ¶ 13. The trial court held a hearing on Clark’s motion to dismiss this cause because of a violation of his constitutional
 
 *784
 
 and statutory rights to a speedy trial. The record does not contain a copy of the orders granting the continuances; however, the trial court indicated at the hearing that the continuances were granted at the request of the State because older cases on the docket were being tried. Clark’s case was initially set for trial on January 24, 2007, but it was continued until April 23, 2007 (89 days of delay). The record indicates that three additional continuances were granted; the case was continued from April 23, 2007, to May 18, 2007 (25 days of delay), from May 18, 2007, to July 23, 2007 (66 days of delay), and from August 6, 2007, to October 1, 2007 (56 days of delay). Therefore, 236 days of delay is attributed to a congested docket. The supreme court held that “the preempting of a trial by another case constitutes ‘good •cause.’”
 
 McGhee v. State,
 
 657 So.2d 799, 803 (Miss.1995) (internal quotations omitted). The State has the responsibility of bringing the defendant to trial.
 
 See Taylor v. State,
 
 672 So.2d 1246, 1261 (Miss.1996). Delay attributable to an overcrowded docket will be weighed against the State, but not heavily.
 
 See McGhee,
 
 657 So.2d at 802. Because 236 days of the delay were the result of a congested docket, we find that this factor weighs against the State, but not heavily.
 

 3. Assertion of Right
 

 ¶ 14. While Clark claims that he wrote to various courts requesting a speedy trial, the record before this Court indicates that Clark’s only written demand for a speedy trial was filed on March 26, 2007, within a motion styled as Motions: For Discovery; Prosecution/Defender/Demand for Trial/To Dismiss; with Prejudice and Against 6th and 14th Amendments/Access to Legal Materials. The State asserts that its first time receiving notice of Clark’s demand for a speedy trial was three days prior to the October 1, 2007, trial. The State argues that it was not served with notice of Clark’s March 26, 2007, demand for a speedy trial; therefore, the delay should not be counted against it.
 

 ¶ 15, It is the responsibility of the State to bring the accused to trial in a speedy manner.
 
 See Vickery v. State,
 
 535 So.2d 1371, 1377 (Miss.1988). However, -where the defendant asserts his right to a speedy trial, that weighs in his favor. Clark filed a pro se request for speedy trial on March 26, 2007; therefore, this factor weighs in favor of Clark.
 

 4. Prejudice from Delay
 

 ¶ 16. The United States Supreme Court has held that prejudice must be determined by a consideration of those interests of a defendant, which the right to a speedy trial is intended to protect. Those interests are as follows: “(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.”
 
 Barker,
 
 407 U.S. at 532, 92 S.Ct. 2182. Clark remained in jail following his arrest on April 7, 2006, until his trial on October 1, 2007. Clark contends that he was prejudiced by the financial, societal, and emotional effects of prolonged incarceration.
 

 ¶ 17. Clark asserts that at the time of the burglary he derived income from scavenging salvageable property. The inference here being that while jailed, Clark was unable to pursue a source of income. Clark also argues that he also suffered anxiety from the witnesses’ loss of memory of the events caused by the lapse of time. “[Pjrejoice [is suffered] if defense witnesses are unable to recall accurately events of the distant past.”
 
 Birkley v. State,
 
 750 So.2d 1245, 1252(¶24) (Miss.1999). Clark does not reference any specific witness whose memory was lost.
 
 *785
 
 However, the record indicates that the only witnesses that testified were called by the State. These witnesses were the victim, Rosenthal, and Officers Ruben Curry and Terrene Ware, who are employed with the Jackson Police Department. There is no indication from these witnesses’ testimonies that they suffered any loss of memory of the events that occurred on April 7, 2006. Rosenthal testified that he found Clark in one of his buildings in possession of burglary tools and with pieces of copper pipe nearby and held him at gunpoint until the authorities arrived. Officer Curry testified that he was the first officer to arrive on the scene where he found Rosenthal holding Clark, who had copper wiring and electrical items lying around him and burglary tools next to him, at gunpoint. Officer Curry also testified that he transported Clark to the Standard Life Building to be interviewed. Detective Ware testified that his only involvement with Clark was to get the
 
 Miranda
 
 rights form signed and to interview Clark. Clark has failed to show that there was memory loss in the testimonies of the State witnesses.
 

 ¶ 18. This Court understands that there is some negative impact to Clark being incarcerated for 542 days and not at liberty to move about freely and provide for himself. However, “incarceration alone is not sufficient prejudice to warrant reversal.”
 
 Birkley,
 
 750 So.2d at 1252(¶ 27). It is the possibility of impairment of a defendant’s available defense that this Court considers most carefully.
 
 See Sharp v. State,
 
 786 So.2d 372, 381(¶ 19) (Miss.2001). The record before this Court reflects no specific impairment to any defense, which might have been available to Clark.
 

 ¶ 19. Other than his assertion of prejudice, Clark offers no substantiation for his claim of prejudice. Therefore, this factor is weighed against Clark. Having reviewed the facts, conducted an analysis of the
 
 Barker
 
 factors, and considered the case in its totality, we find no actionable violation of Clark’s constitutional right to a speedy trial. This issue is without merit.
 

 B. Statutory Right
 

 ¶ 20. Clark asserts that his statutory right to a speedy trial under Mississippi Code Annotated section 99-17-1 (Rev.2007) was violated. The statute states that:
 

 Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
 

 “When the accused is not tried within 270 days of his arraignment, the State has the burden of establishing good cause for the delay since the accused is under no duty to bring himself to trial.”
 
 Jenkins v. State,
 
 947 So.2d 270, 275(¶ 9) (Miss.2006). Clark alleges that the 329-day delay from arraignment to trial violated the 270-day statutory requirement. Clark maintains that the continuances, which resulted in the delay, are attributable to the State.
 

 ¶ 21. Our supreme court has created a two-step test for determining a possible violation of the statutory right to a speedy trial. The test provides the following:
 

 The first step is to determine the total number of days between arraignment and trial. For this purpose, the date of arraignment is not counted but the date of trial and weekends are counted unless the 270th day falls on a Sunday. The second step is to consider each delay separately, because only those delays attributable to the State count toward the 270 days. For the second step[,] this Court must determine which party is
 
 *786
 
 responsible for the delay and their reason. The clock starts at the time of arraignment and not at the time of arrest. The time period prior to arraignment is not relevant in 270-day rule cases.
 

 Dies v. State,
 
 926 So.2d 910, 914(¶ 8), 914 n. 1 (Miss.2006).
 

 ¶ 22. There were 329 days between arraignment and trial. Included with those 329 days were four continuances, which totaled 236 days. The State asserts that this 236-day delay was the result of a congested docket. “Docket congestion has been held to constitute good cause for delay.”
 
 Walton v. State,
 
 678 So.2d 645, 648 (Miss.1996). “[H]owever, a crowded docket will not automatically suffice to establish good cause.”
 
 Buggs v. State,
 
 738 So.2d 1253, 1257(¶ 12) (Miss.Ct.App.1999). “Upon the proper showing by the State in response to a defendant’s timely motion for dismissal because of an alleged 270[-]day violation, docket congestion can be a proper basis for good cause when supported by the facts of the particular case.”
 
 Id.
 

 ¶ 23. The State provided sufficient proof that the 236-day delay in bringing Clark to trial was because of an overcrowded docket. Therefore, 236 days are excused for good cause, leaving ninety-three days, which falls below the 270-day statutory requirement. Therefore, we find Clark’s argument that his statutory right to a speedy trial was violated is without merit.
 

 CONCLUSION
 

 ¶24. The trial court did not abuse its discretion in holding that the State’s remark during opening statement was not improper. In addition, Clark’s motion to dismiss for lack of speedy trial was properly denied by the trial court. Therefore, we affirm the judgment of the trial court.
 

 ¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF COUNT I, BURGLARY OF A BUSINESS, AND SENTENCE OF SEVEN YEARS, AND COUNT II, POSSESSION OF BURGLARY TOOLS, AND SENTENCE OF FIVE YEARS, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.