274 So.2d 143 (1973)
In the Interest of Johnny JENKINS.
No. 47189.
Supreme Court of Mississippi.
February 26, 1973.
*144 Merrida P. Coxwell, Jean D. Muirhead, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Special Asst. Atty. Gen., Jackson, for appellee.
WALKER, Justice:
This is an appeal from the Chancery Court of Rankin County acting in its capacity as a Youth Court and from an order of said court adjudging Johnny Jenkins, a seventeen year old male, to be a delinquent child and committing him to a state training school until further order of the court or until he should become twenty years of age.
The accused faced a variety of charges, breaking and entering Edmond's Fruit Stand, petit larceny in the amount of $10.00, drunk on drugs while in jail, burglarizing a paper machine at Trailer Town, Rankin County, Mississippi, and that he is a delinquent and/or neglected child within the meaning of the Youth Court Act of Mississippi.
The primary question before us is whether or not the essential elements of the crimes with which the accused was charged were proved beyond a reasonable doubt.
We have held that in youth court cases involving a child's possible loss of freedom, the proof must establish each and every essential element of the charges against him beyond a reasonable doubt. In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); In Interest of Gressett, A Minor (Miss., 272 So.2d 921, decision rendered February 5, 1973).
There was no proof whatsoever offered in support of the charges that this minor was guilty of petit larceny of $10.00 or that he had been drunk on drugs while in jail or at any other time. These allegations, therefore, fall by the wayside.
This brings us to the charges against Johnny of "breaking and entering Edmond's Fruit Stand and burglarizing a paper machine at Trailer Town in Rankin County, Mississippi."
Without going into the details of the testimony offered by the petitioner, suffice it to say that there is one fatal deficiency in the proof which requires reversal. The petitioner failed to offer any evidence as to the ownership of the places allegedly burglarized except the passing references by state witnesses to "Mrs. Edmond's Fruit Stand" and "Johnny Cleveland's Trailer Park." This was hearsay on the part of the witnesses and consequently inadmissible. It is well settled in this State that in cases of burglary it is necessary to allege the ownership of the premises allegedly burglarized or the name of *145 the person entitled to possession thereof and to prove same as laid. Bynum v. State, 242 Miss. 862, 137 So.2d 515 (1962); Taylor v. State, 214 Miss. 263, 58 So.2d 664 (1952); Crosby v. State, 191 Miss. 173, 2 So.2d 813 (1941); James v. State, 77 Miss. 370, 26 So. 929 (1900). Since there is no such proof of ownership or of right of possession in this case, the judgment of the youth court must be reversed, the appellant discharged and the proceedings against him dismissed.
We come now to a side issue arising out of the proceeding in the lower court concerning a memorandum filed by the chancellor on June 16, 1972, which will hereinafter be discussed. The series of events leading up to the memorandum are as follows: This cause was heard on June 14, 1972, and the chancellor handed down his opinion and entered an order that same day adjudging Johnny Jenkins to be a delinquent child within the meaning of the Youth Court Act and ordered that he be placed at the Oakley Training School until further order of the court or until said child should become twenty years of age.
The record further shows that on June 15, 1972, that upon proper application by appellant an appeal without bond and with supersedeas was granted by the Honorable Stokes V. Robertson, Jr., an Associate Justice of the Supreme Court of the State of Mississippi. That a duly certified copy of said order was filed with the chancery clerk of Rankin County on June 15, 1972, and appellant was released from custody.
Thereafter, on June 16, 1972, the following order was entered by the chancellor:
This day this cause came on for hearing on motion of Billy G. Bridges, County Attorney of Rankin County, Mississippi, to have the custody of Johnny Jenkins, a minor, returned and re-instated to the Sheriff of Rankin County, Mississippi, for removal to the State Training School where he was ordered to be sent herein, and that the Chancery Court of Rankin County, Mississippi, retain the jurisdiction of said child until a proper order of a Court of higher jurisdiction, or until a proper bond or appeal, be entered and perfected herein to relieve this Court of its said jurisdiction, and the Court having heard and considered same is satisfied and finds that said motion is well taken and same should be and is hereby sustained.
IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the Sheriff of Rankin County, Mississippi, take said minor, Johnny Jenkins, into his custody, and return said minor to the jail of Rankin County, Mississippi, for removal to the State Training School where he was ordered herein to be sent, and that the jurisdiction of said child be restored, re-instated and returned to the Chancery Court of Rankin County, Mississippi.
ORDERED, ADJUDGED and DECREED this 16th day of June, 1972.
 /s/ L.B. Porter
 CHANCELLOR
(Pursuant to the above order, young Jenkins was picked up and again confined by the sheriff. Whereupon, Jenkins' attorney being conscientious and diligent in the protection of his client's rights, again sought the intervention of Justice Robertson who for the second time secured the release of the minor.)
Also on June 16, 1972, a memorandum was filed among the papers of this cause by the chancellor alleging misconduct on the part of the attorney for appellant. This memorandum is the subject of the controversy here discussed.
A motion is included in appellant's brief to this Court which asserts that the trial court's memorandum regarding appellant's attorney was improperly entered and should be expunged from the record.
*146 The record shows that the memorandum entered by the chancellor was without notice to appellant or his attorney and after an appeal with supersedeas to this Court had been granted by Justice Stokes V. Robertson, Jr. When the appeal with supersedeas was granted, jurisdiction of the Youth Court of Rankin County, Mississippi, terminated and vested in the Supreme Court. Therefore, no orders or memoranda entered after that time would be properly a part of the record of this cause.
For the reasons stated above, the motion to expunge is sustained and the memorandum of the chancellor dated June 16, 1972, is ordered to be physically removed from the records of this cause.
Motion to expunge sustained; cause reversed; appellant discharged and proceedings against him dismissed.
GILLESPIE, C.J., and SMITH, SUGG and BROOM, JJ., concur.