294 So.2d 171 (1974)
In the Interest of David EARLES, a minor.
No. 47814.
Supreme Court of Mississippi.
May 6, 1974.
Merrida P. Coxwell, Jackson, for appellant.
A.F. Summer, Atty. Gen. by William D. Boerner, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
This is an appeal from the Youth Court of Rankin County wherein David Earles, age fifteen, was adjudged delinquent and committed to Oakley Training School until age eighteen, with the condition of parol on good behavior after one year.
The petition filed in youth court in the interest of the child charged that he "did wilfully, unlawfully and feloniously take, steal and carry away on unknown date one car, several bicycles and some milk from door in the Pearl Area; on date unknown he did wilfully, feloniously and burglariously break and enter a dwelling (unknown) and St. Jude Church, all of a value of $700."
The appellant is contending on this appeal that the petition is fatally defective for its failure to charge the offense with the required degree of particularity in that there are no allegations of ownership of the property mentioned therein and that the proof wholly failed to substantiate the finding of the youth court that he was a delinquent.
The question of the degree of particularity with which the charge must be stated in a youth court petition was recently settled in the decision of In The Interest of Terry Wayne Dennis, A Minor, 291 So.2d 731 *172 (decided March 18, 1974), wherein this Court stated:
We reaffirm our position that a petition which institutes a youth court proceeding must recite factual allegations specific and definite enough to fairly apprise the juvenile, his parents, custodians or guardians of the particular act or acts of misconduct or the particular circumstances which will be inquired into at the adjudicatory proceedings.
We further hold that in those cases where a charge of delinquency is based upon the violation of a criminal law, the petition must charge the offense with the same particularity required in a criminal indictment.
By these standards, the petition now before this Court, failed in its attempt to charge the offenses of grand larceny and burglary when it omitted any allegations of ownership of the articles allegedly stolen and any description of the property allegedly burglarized or even ownership or right of possession of that property. These are essential elements of the offenses charged and must be set forth in the petition if the juvenile and his parents or guardian are to be fairly informed of the particular acts or circumstances that will be the subject of the hearing. See In The Interest of Terry Wayne Dennis, A Minor, supra; In re Jenkins, 274 So.2d 143 (Miss. 1973). Having failed, by the omission of the proper allegations of ownership, to sufficiently inform the minor and his parents of the charges against the minor, the petition cannot support the finding that David Earles is a delinquent under the Youth Court Act.
The appellant further contends on this appeal that the evidence was insufficient to support the finding of the youth court judge and that his motion to dismiss the petition should have been sustained. The only proof offered at the hearing was the testimony of the arresting officer. He testified that he advised the minor of his rights after arresting him at his home. The minor was then carried to the sheriff's office where he confessed that he had been with a number of other youths when they took an automobile and that he also had stolen some bicycles and some milk. He further confessed that he had been with some boys when they went into a house near St. Jude's Church. The voluntariness of the confession is not questioned on this appeal.
We held in the case of In re Jenkins, supra, that in those cases involving a possible loss of freedom, the proof must establish beyond a reasonable doubt, each and every element of the offense with which the minor is charged. If the proof fails in this respect, then the appellant must be discharged and the proceedings against him dismissed.
The record in this case wholly fails to establish the corpus delicti, and consequently, the confession was not competent evidence. The record is devoid of any proof of ownership or right of possession of the property allegedly stolen or the premises allegedly burglarized. Such proof is essential in order to establish the offense charged since the offense itself requires that one other than the accused have rights in the property which rights were violated by the accused. The proof further failed to establish any identity between the alleged offenses and the confession of the minor. The proof being insufficient to establish beyond a reasonable doubt that specific offenses were committed or that the accused committed them, the youth court was in error in overruling appellant's motion to dismiss the petition.
For the reasons stated, this case must be reversed; the charges dismissed; and appellant discharged.
Reversed and rendered.
GILLESPIE, C.J., and PATTERSON, WALKER, and BROOM, JJ., concur.