I.
Ernest Bullock, Eugene Bullock, and Rayvon Holloway have been jointly tried and convicted of cattle theft in the Circuit Court of Lincoln County, Mississippi. Each Defendant has received a three year sentence with two years suspended and five years probation. The case presents the question whether confessions made by each defendant plus one beef ham observed in their possession are sufficient to sustain the convictions.
Defendants are charged with the larceny of a cow allegedly belonging to C.C. Clark of Lincoln County. They were seen with a home butchered beef ham weighing approximately 65 pounds. Independent of the confessions, no evidence established that the hindquarter of beef came from a cow owned by Clark. More important, no evidence established that Clark or anyone else was missing a cow, much less that one had been stolen. The State has failed, without any doubt, to establish the corpus delicti. The convictions must be reversed.
 II.
The facts in this case are simple, though unique. In September of 1982, the three defendants, Ernest and Eugene Bullock and Rayvon Holloway, accompanied by two others, appeared at a store owned by C.C. Clark with a hindquarter of beef wrapped in a garbage bag or a sheet. The cut differed from those prepared by a professional meat packer; it bore no inspection stamp, it was not properly packaged, and had been stripped clean of the layer of fat that normally is left on a cut of meat to preserve it. The meat was not especially clean as it was covered with black hairs and grass. The boys asked to have the meat sliced, which was done, and it was never seen again. The butcher asked where they had gotten the meat, and one of the defendants allegedly replied that they had gotten it from Jones Meat Market. This was repudiated at trial by both the State and one of the Defendants.
Shortly thereafter, in the course of investigating a missing calf owned by one Mr. Jolly, Constable George Earls of Enterprise Mississippi contacted Rayvon, having learned of his recent possession of the home butchered beef ham. According to Earls, Rayvon confessed that he had acquired the cut of beef by killing and butchering one of C.C. Clark's cows. Rayvon vehemently denies this confession. Meanwhile, Mr. Jolly discovered the remains of his calf which apparently had died of natural causes. However, in due course, the three defendants were arrested for cattle rustling and each confessed to this crime.
The three boys were tried in the Circuit Court of Lincoln County, Judge Joe Pigott presiding. They were each charged with the theft of a cow from the herd of C.C. Clark, pursuant to Miss. Code Ann. § 97-17-53 (1972). Apart from the confessions, the state offered no evidence that a cow was missing from the herd of C.C. Clark, much less, that one had been stolen. C.C. Clark was unavailable for the trial. His brother, F.V. Clark testified that his brother did own some cattle located in the pasture from which the cow confessedly was taken. However, Rayvon testified that the only reason the boys had agreed to confess as they did was because they had been told that they would not get out of jail until they did so. On appeal, the three defendants maintain that the state utterly failed to meet its burden of proving the elements *Page 1286 
of the crime charged beyond a reasonable doubt.
 III.
Every first year law student knows that in a criminal prosecution, the State has the burden of proving beyond a reasonable doubt each element of the offense charged. The elements of the offense charged here are set out by Miss. Code Ann. § 97-17-53 (1972), which provides inter alia:
 If any person shall feloniously take, steal, and carry away any neat or horned cattle, or knowingly buy, trade, or accept such stolen livestock, he shall be guilty of larceny, regardless of the value of the cattle, . . .
In meeting this burden, the State must prove the corpus delicti
or body of the crime by showing that the crime charged did in fact occur. While many aspects of our criminal justice system may be baffling to the layman, one that is not is surely the burden of proving the corpus delicti. From our first encounter with the Hardy Boys or Nancy Drew and later with Mickey Spillane, we have known that the state must prove that a crime has occurred, though we learned this in the context of corpseless murder mysteries. The confession of one criminally accused, standing alone, will not suffice to sustain a conviction absent proof of the body of the crime.
In Poole v. State, 246 Miss. 442, 446-47, 150 So.2d 429, 431 (1963), this Court pronounced the precise burden to be borne by the State regarding the corpus delicti:
 The definition of corpus delicti literally is "body or substance of the crime, "meaning that a crime has actually been committed, having as a compound fact (1) the existence of a certain act or result forming the basis of the criminal charge, and (2) the existence of criminal agency as the cause of this act or result. The identity of the accused is not an element of the corpus delicti. Every element, criminal charge and criminal agency, must be proved beyond a reasonable doubt; extra judicial admissions, declarations or confessions of accused are not of themselves sufficient to establish the corpus delicti.
See also In the Interest of Earles, 294 So.2d 171, 172 (Miss. 1974).
This state has long ago made the policy determination that it would reduce to a minimum the risk that a person might be convicted of a crime that was never committed. We require independent proof of the corpus delicti "to avoid convicting a person solely out of his own mouth." Rhone v. State,254 So.2d 750, 753 (Miss. 1971); Gentry v. State, 416 So.2d 650, 652 (Miss. 1982).
Where there are confessions of a crime, however, the state's burden of proving the corpus delicti is lighter than it would be otherwise. In this situation, the State only need show thecorpus delicti, sans confession, by a preponderance of the evidence; the confessions themselves may be used to raise the proof beyond a reasonable doubt. Poole v. State, supra, 246 Miss. at 447, 150 So.2d at 431. Cf. Heard v. State, 59 Miss. 545, 546 (1882) (Where there has been a confession, any independent corroborative proof which shows that the crime charged has occurred proves corpus delicti).
Here we have little other than the confessions of the Defendants. In disposing of this appeal, however, we must be mindful of our limited scope of review. The jury's guilty verdict necessarily means that it found that the larceny of a cow belonging to C.C. Clark did occur. We have repeatedly held that the jury is charged with the responsibility for weighing and considering conflicting evidence and the credibility of the witnesses. See, e.g., Gathright v. State, 380 So.2d 1276, 1278 (Miss. 1980); Gandy v. State, 438 So.2d 279, 285 (Miss. 1983).
Once the jury has returned a verdict of guilty in a criminal case, we have no authority to order discharge of the defendant unless the evidence, taken in the light most favorable to the verdict, is such that on one or more elements of the offense *Page 1287 
charged, no reasonable hypothetical juror could have found against the defendant beyond a reasonable doubt. Jackson v.Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560, 576 (1979); Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983).
On the other hand, where the evidence is such that on one or more elements of the offense charged no reasonable hypothetical juror could have resolved the issue against the defendant beyond a reasonable doubt, we have no authority to affirm. In that event, it becomes our duty to order that the defendant be discharged. Dickerson v. State, 441 So.2d 536, 538-40 (Miss. 1983); West v. State, 437 So.2d 1212, 1213-14 (Miss. 1983). This is the situation we confront here.
The defendants in this case have been charged with the larceny of a cow belonging to C.C. Clark. Leaving the confessions aside, what stands out is that there is no evidence that one of Clark's cows was missing and no evidence that one was stolen. C.C. Clark did not testify at trial. His brother, F.V. Clark stated only that C.C. Clark had a cattle operation in the area. He did not say that his brother was missing any cattle, nor did anyone else.
Proof of the corpus delicti in a larceny prosecution may be made absent recovery of the stolen goods. In Poole v. State,246 Miss. 442, 150 So.2d 429 (1963), the state proved that Mr. Blackwell, the since deceased victim, had money in his possession before the incident in question and that the money was missing thereafter. In Miles v. State, 360 So.2d 1244 (Miss. 1978), even though the goods were never recovered, there was evidence which established that the victim was missing the goods and that the chain securing them had been cut.
In Poole and Miles, there was evidence, independent of any confessions, that identifiable (though unrecovered) property of the victims was actually missing. Here, other than the repudiated confessions of the Defendants, we have no evidence that a cow belonging to C.C. Clark was missing, or that the beef ham seen in the Defendants' possession belonged to C.C. Clark.
This corpus delicti/confession case has an odd twist. We have three defendants who have been indicted, tried and convicted jointly. Each confessed. The confession of each implicated the others. There is a question then whether the confessions of the defendants may be used against each other to establish thecorpus delicti. On the facts of this case, we answer in the negative. Under established case law, the State was required to offer credible evidence independent of all confessions that someone was missing a cow. Simmons et al. v. State, 208 Miss. 523, 44 So.2d 857 (1950); Pope et al. v. State, 158 Miss. 794,131 So. 264 (1930).
The evidence before us as a matter of law is insufficient to establish the corpus delicti. There is simply no independent proof that a cow was missing from the herd of C.C. Clark. Under these circumstances, the convictions of these three defendants must be reversed. In the Interest of Earles, 294 So.2d 171, 172 (Miss. 1974); West v. State, 437 So.2d 1212 (Miss. 1983);Dickerson v. State, 441 So.2d 536, 538-40 (Miss. 1983).
REVERSED AND RENDERED
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur. *Page 1288