# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00877-SCT

*MINNIE MARTINDALE, INDIVIDUALLY AND AS NEXT FRIEND FOR THE MINOR CHILD, BRITNIE MARTINDALE*

*v.*

*TOMMY WILBANKS AND CAROLYN DELASHMIT*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/25/97 |
| TRIAL JUDGE: | HON. HENRY LAFAYETTE LACKEY |
| COURT FROM WHICH APPEALED: | TIPPAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | B. SEAN AKINS |
| ATTORNEY FOR APPELLEES: | T. SWAYZE ALFORD |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 4/22/1999 |
| MOTION FOR REHEARING FILED: | 5/21/99 |
| MANDATE ISSUED: August 12, 1999 | |

**BEFORE PITTMAN, P.J., BANKS AND MILLS, JJ.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Appellant Minnie Martindale ("Martindale") filed a complaint for personal injuries on behalf of herself and her minor child, Britnie Martindale ("Britnie") against appellees Tommy Wilbanks ("Wilbanks") and Carolyn Delashmit ("Delashmit"). Delashmit had been dismissed from the case prior to trial. The complaint alleged that Martindale and Britnie, a passenger in the vehicle driven by Martindale, were injured as a result of an automobile accident when their vehicle collided with a vehicle driven by Wilbanks and owned by Delashmit. Wilbanks and Delashmit answered the complaint and denied the allegations of negligence.

¶2. The case was tried before a jury in the Circuit Court of Tippah County on March 25, 1997. The jury returned a verdict in favor of Wilbanks.

¶3. On March 31, 1997, Martindale filed a motion for a new trial which was denied by Circuit Judge Henry L. Lackey. The notice of appeal was timely filed on June 27, 1997. Martindale raises the following issues on appeal:

> **I. WHETHER THE CIRCUIT COURT ERRED IN ALLOWING THE INTRODUCTION INTO EVIDENCE OF PRIOR, INCONSISTENT STATEMENTS BY CARROLL MARTINDALE FOR THE PURPOSE OF IMPEACHMENT.**

**II. WHETHER MARTINDALE CAN RAISE AN ISSUE OF ERROR ON APPEAL REGARDING THE INTRODUCTION OF EVIDENCE WHEN NO OBJECTION WAS MADE AT TRIAL.**

**III. WHETHER THE CIRCUIT COURT ERRED IN ALLOWING THE PRIOR, INCONSISTENT STATEMENTS TO BE USED AS SUBSTANTIVE EVIDENCE.**

## DISCUSSION OF LAW

**I. WHETHER THE CIRCUIT COURT ERRED IN ALLOWING THE INTRODUCTION INTO EVIDENCE OF PRIOR, INCONSISTENT STATEMENTS BY CARROLL MARTINDALE FOR THE PURPOSE OF IMPEACHMENT.**

**III. WHETHER THE CIRCUIT COURT ERRED IN ALLOWING THE PRIOR, INCONSISTENT STATEMENTS TO BE USED AS SUBSTANTIVE EVIDENCE.**

¶4. This Court has consistently ruled that "[t]he relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." ***Johnston v. State***, 567 So.2d 237, 238 (Miss., 1990), (citing ***Hentz v. State***, 542 So.2d 914, 917 (Miss., 1989), ***Monk v. State***, 532 So.2d 592, 599 (Miss., 1988)). Unless the trial judge's discretion is so abused as to be prejudicial to a party, this Court will not reverse his ruling. ***Shearer v. State***, 423 So.2d 824, 826 (Miss., 1983), (citing ***Page v. State***, 295 So.2d 279 (Miss., 1974)). The discretion of the trial judge must be exercised within the boundaries of the Mississippi Rules of Evidence. ***Johnston,*** 567 So.2d at 238. ***See*** M.R.E. 103(a), 104(a).

¶5. Martindale argues that the trial judge erred in allowing evidence of prior, inconsistent statements made by Martindale's husband, Carroll Martindale, for the purposes of impeachment. When cross-examined by Wilbank's attorney, Mr. Martindale specifically denied claiming that his wife was responsible for the accident.

> BY MR. ALFORD: " Now, Mr. Martindale, have you ever claimed that your wife caused this accident?"
>
> BY MR. MARTINDALE: "No, sir."
>
> BY MR. ALFORD: "Never have claimed that?"
>
> BY MR. MARTINDALE: "No, sir."
>
> BY MR. ALFORD: "But you did file a claim for - - as a guardian on behalf of your daughter against your wife for money, didn't you?"
>
> BY MR. MARTINDALE: "No, sir. I didn't file no claim on that."
>
> BY MR. ALFORD: "You haven't filed a claim against your wife?"
>
> BY MR. MARTINDALE: "No, sir."
>
> BY MR. ALFORD: "All right. I'll hand you a document, Mr. Martindale, and ask you if you recognize

it."

BY MR. MARTINDALE: "Well, my insurance - - my insurance paid her for this wreck."

¶6. Martindale's attorney objected to the introduction of the Petition for Authority to Settle and Compromise Doubtful Claim of Minor Child. The judge had the jury removed to the jury room while he considered the objection. The trial judge then ruled that if Mr. Martindale had answered that he had filed a claim, the petition would not be admissible. However, Mr. Martindale had answered that he had not filed a claim. The petition was ruled correctly admissible for impeachment matters.

¶7. Rule 408 of the Mississippi Rules of Evidence states that a compromise or offer to compromise is not admissible to prove liability or the invalidity of a claim. However, Rule 408 does go on to say that:

> ... This rule also does not require exclusion when the evidence is offered for **another** purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Miss. R. Evid. 408 (emphasis added.)

¶8. Clearly, counsel for Wilbanks offered the petition in an effort to impeach Mr. Martindale. Mr. Martindale denied ever filing a claim on behalf of the minor child against his wife when, in fact, he had filed a claim and collected for the child. The trial judge, therefore, properly admitted the petition for impeachment purposes.

¶9. However, the trial court did commit reversible error when it allowed Wilbanks' attorney to use the petition as substantive evidence during closing arguments:

> BY MR. ALFORD: ". . . They filed this because it says the minor petitioner had an estate which consists of a tort claim against her mother. She filed a claim against her mother to collect money as a result of injuries. They were asking the judge to appoint a guardian because of a claim against her mother."

> \* \* \* \* \* \*

> BY MR. ALFORD: ". . . Do you think Atlanta Casualty just paid somebody to cause an accident? Unless they think they owe it, do you think their insured would call me if they're just handing out money for accidents. They paid - - - They paid Tommy for his damages. He claims she caused the accident, and they paid it."

¶10. Martindale cites *Parker v. State* in support of her contention that Wilbanks used the prior, inconsistent statement not only for impeachment, but also as substantive evidence in closing argument. The Court in *Parker* noted the rule that prior, inconsistent statements admitted for impeachment purposes cannot be used as substantive evidence. *Parker v. State*, 691 So.2d 409, 413 (Miss., 1997). It is apparent that Wilbanks did argue the prior inconsistent statements as substantive evidence. As such, the trial court erred in allowing Mr. Alford to use the petition as substantive evidence.

## II. WHETHER MARTINDALE CAN RAISE AN ISSUE OF ERROR ON APPEAL REGARDING THE INTRODUCTION OF EVIDENCE WHEN NO OBJECTION WAS MADE

**AT TRIAL.**

¶11. It is well settled in this state that the trial judge cannot be put in error on a matter which was not presented to him for decision. *Cossitt v. Federated Guar. Mut. Ins. Co.*, 541 So.2d 436, 446 (Miss., 1989); *Crenshaw v. State*, 520 So.2d 131, 134-35 (Miss., 1988), (*citing Ponder v. State*, 335 So.2d 885 (Miss., 1976)). *See also Harrison v. State*, 534 So.2d 175, 181 (Miss., 1988). "This Court has repeatedly held that '[i]f no contemporaneous objection is made, the error, if any is waived.'" *Foster v. State*, 639 So.2d 1263, 1270 (Miss., 1994) (*quoting Cole v. State*, 525 So.2d 365, 369 (Miss., 1987)) . Because Martindale's attorney made no contemporaneous objection to the introduction of the prior, inconsistent statement, this issue is procedurally barred.

¶12. Procedural bar notwithstanding, the trial judge was correct in ruling that the prior, inconsistent statement was admissible for impeachment. When cross-examined by Wilbanks' attorney, Martindale denied knowing who was at fault for the accident. She then admitted to filing a claim against herself on behalf of her minor child, Britnie, as a result of the accident. The claim was filed against Martindale's own insurance carrier. Under Rule 408 of the Mississippi Rules of Evidence, it was proper to admit the petition for the purpose of impeachment. However, as noted above, it was reversible error to allow the impeachment evidence to be used as substantive evidence in Wilbanks' closing argument.

## CONCLUSION

¶13. While it was not error for the trial court to admit into evidence the petition for the purpose of impeachment, it was error to allow the impeachment evidence to be used as substantive evidence of liability in Wilbanks's closing argument. Therefore, we reverse the judgment of the Tippah County Circuit Court, and we remand this case for a new trial.

¶14. **REVERSED AND REMANDED.**

**PRATHER, C.J., MILLS AND WALLER, JJ., CONCUR. SULLIVAN, P.J., CONCURS IN PART. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, SMITH AND WALLER, JJ. SULLIVAN, P.J., JOINS IN PART. COBB, J., NOT PARTICIPATING.**

**BANKS, JUSTICE, CONCURRING:**

15. I agree that it was reversible error to allow counsel for Wilbanks to use the settlement petition as substantive evidence during closing argument. However, I do not agree with the majority's holding that the petition was admissible to impeach the testimony of Mr. Martindale, in the first instance. It is clear from the record that Wilbanks's only impetus for the inquiry in question was to assign liability to Mrs. Martindale. The only inference which the jury could draw from the fact that Mr. Martindale filed a claim with his insurance company was that he believes that Mrs. Martindale caused the accident.

¶16. The testimony at issue is, in my view, prohibited both as inadmissible hearsay and as evidence of a settlement agreement. First, any evidence as to Mr. Martindale's thoughts on who caused the accident would be hearsay. Mr. Martindale was not involved in the accident and he did not witness the accident.

Thus, if Mr. Martindale had in fact filed a claim against his wife that fact would not be relevant to these proceedings. The fact that he denied filing a claim does not make it relevant. Impeachment should not be allowed on irrelevant matters. *McCollum v. Franklin*, 608 So. 2d 692, 694 (Miss. 1992).

¶17. Secondly, Miss. R. Evid. 408 prohibits the use of evidence regarding the settlement of a claim in order to prove liability, the invalidity of a claim or its amount. Under the Rule it is improper to inquire, solely to prove liability, into whether a settlement offer was made. "Offers to settle or compromise a disputed claim are clearly excluded." *Morley v. Jackson Redevelopment Auth.*, 632 So. 2d 1284, 1291 (Miss. 1994) (citing *State Highway Comm'n. v. Warren*, 530 So. 2d 704 (Miss.1988)).

¶18. Even if the evidence was admissible under the exception which allows the admission of settlement evidence for purposes other then to prove fault or the validity of a claim, the exclusion should not be used to frustrate the rule's ultimate purpose of encouraging settlement negotiations. *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 509-10 (2d Cir. 1989). *See also McInnis v. A.M.F., Inc.*, 765 F.2d 240, 251 (1st Cir. 1985) (holding that evidence of a settlement was inadmissible where the admission "implicitly requires the jury to infer some indicia of causation").

¶19. Finally, even if settlement evidence is admissible for other purposes it must still be analyzed under Miss. R. Evid. 403. *Mississippi Power & Light Co. v. Lumpkin*, 725 So. 2d 721, (¶54) (Miss. 1998). Rule 403 provides for the exclusion of evidence where "its probative value is substantially outweighed by the danger of unfair prejudice." Here the evidence of the settlement was substantially more prejudicial than it was probative.

¶20. Wilbanks argued an inference from the settlement that the Martindales' insurance company must have had evidence of Mrs. Martindale's fault, or it would not have settled. This is error which compels reversal. It was also error, in my view, to allow the settlement evidence in the first place.

**McRAE, SMITH AND WALLER, JJ., JOIN THIS OPINION. SULLIVAN, P.J., JOINS IN PART.**