¶ 1. Appellant Leroy Wimberly was indicted by an Adams County grand jury for burglary and larceny of an automobile. Following a trial, the jury found Wimberly guilty of the crime charged. The circuit court sentenced Wimberly to seven years as an habitual offender in the custody of *Page 801 
the Mississippi Department of Corrections. On appeal, Wimberly presents the following issues for review:
 I. THE TRIAL COURT ERRED IN FAILING TO GRANT WIMBERLY'S MOTION TO SUPPRESS AND IN ALLOWING THE CONFESSION TO BE ADMITTED INTO EVIDENCE.
 II. THE TRIAL COURT ERRED IN DENYING WIMBERLY'S MOTION FOR CONTINUANCE WHEN HIS WITNESSES WERE UNAVAILABLE.
Finding the above assignments of error to be without merit, this Court affirms.
 STATEMENT OF THE FACTS
¶ 2. On the evening of September 26, 1997, when Joe and Ora Frazier returned home, they noticed that Mr. Frazier's Ford Ranger pickup truck, which was parked in the driveway, had been broken into and a cellular phone, credit cards, a radar detector, and some audiotapes had been stolen from the truck. It was discovered later that one of Mr. Frazier's credit cards had been used at a local Exxon station. Detective Roosevelt Owens watched the security surveillance videotape from the Exxon station and identified appellant Leroy Wimberly as the person who had used Mr. Frazier's stolen credit card to buy cigarettes and beer. Detective Owens was personally acquainted with Wimberly and therefore could easily identify him. At trial, the cashier from the Exxon station also identified Wimberly as the person who used the stolen credit card. Wimberly was arrested and charged with burglary and larceny of an automobile.
¶ 3. Prior to the trial, there was a hearing on the motion to suppress the confession of appellant Wimberly that was made to Detective Owens at the Natchez Police Department after Wimberly's arrest. Detective Owens testified that he read Wimberly his rights, asked him if he understood each one, upon which Wimberly said he did, and then Wimberly signed the waiver of rights form after Detective Owens explained the effect of such a signed form. During this hearing, Detective Owens testified that at no time during the interview did Wimberly ask to talk to a lawyer or state that he would not talk to Detective Owens. Detective Owens continued by testifying that he in no way or form threatened Wimberly or coerced him into signing the waiver of rights. He further testified that Wimberly confessed to the crime at issue. Detective Owens contends that Wimberly told him he broke into Mr. Frazier's vehicle and stole a cellular phone, some credit cards, and numerous tapes. He testified that Wimberly also admitted to using a stolen card at the local Exxon station. Detective Owens stated that Wimberly confessed the above to him orally, and then Wimberly wrote a confession in his own handwriting. In the written confession, Wimberly included a false name, address, and birth date. Wimberly wrote that he had broken into Mr. Frazier's truck, that he was on dope when he did it, that he took some credit cards, some paper, and a phone. He also wrote that he sold the phone to a dope dealer and used one of the credit cards at an Exxon station to buy cigarettes and beer. Detective Owens testified that he did not give Wimberly any hope, promise, or hope of reward for making that statement, but that Wimberly made his confession of his own free and voluntary will. He continued by making it known that although Wimberly signed the confession "Leroy Williams," it was actually Wimberly who wrote and signed the confession. Detective Owens testified that Wimberly never told him that he was in severe pain or that he needed medical assistance at the time of the interview. Detective Owens also stated that Wimberly never asked for a lawyer.
¶ 4. During this hearing on the motion to suppress, Wimberly testified that he did sign the waiver of rights form. He continued by testifying that he gave Detective Owens an oral statement concerning the stolen credit card. Wimberly testified that *Page 802 
he told Detective Owens that he met Toby and another guy on the morning that the present crime allegedly took place, and that Toby asked him to go to the store with him and use the credit card that was in Toby's possession to buy cigarettes and beer for him. Wimberly continued by stating that he wrote the confession in his own handwriting, and that he did so because Detective Owens told him to write it. Wimberly stated that, at the time he wrote the confession, he was suffering from severe head pains due to an infection he had in his head, and that he had asked Detective Owens to seek medical attention, and that Detective Owens told him he would. Wimberly also testified that he had stopped the questioning and asked for his attorney to be present. He testified that the only reason he continued to answer the questions and wrote the confession was because he was under severe pain and pressure from Detective Owens. Wimberly testified that he intentionally placed the false information on the statement because he contends he did not commit the crime and therefore did not want to confess to it. He stated that the only reason he wrote the statement at all was because of the actions that Detective Owens took against him. Wimberly testified that the confessional statement he gave was not voluntary.
¶ 5. After hearing all the evidence on the motion to suppress, the court, in finding that the confession was voluntary and admissible, denied the motion. No new, relevant evidence and/or facts were revealed during the actual trial.
 LAW AND ANALYSIS I. DID THE TRIAL COURT ERR IN FAILING TO GRANT WIMBERLY'S MOTION TO SUPPRESS AND IN ALLOWING THE CONFESSION TO BE ADMITTED INTO EVIDENCE?
¶ 6. Regarding this assignment of error, appellant Wimberly bases his argument on two contentions: first, that the confession should not have been admitted because it was taken in violation of the defendant's right to counsel, and second, that the confession was not voluntary and is therefore inadmissible under the law. These contentions, founded on Wimberly's testimony and Wimberly's testimony alone, might have had a chance of survival if his testimony were the only evidence presented to the trial judge, but it was not. Detective Owens testified as well, and his testimony was completely different. Detective Owens testified at the hearing that he did not coerce or influence Wimberly in any way and that Wimberly never asked for an attorney. Therefore, this Court concludes that, due to the standard of review, this assignment of error is without merit. "When the circuit court expressly or implicitly resolves the issue of admissibility of a confession against a defendant, the scope of review is confined to the established limits." Dancer v. State, 721 So.2d 583, 587 (¶ 18) (Miss. 1998) (citing Stokes v. State, 548 So.2d 118, 122 (Miss. 1989)). The supreme court continued by stating, "In Alexander v.State, 610 So.2d 320 (Miss. 1992), we set out those limits: This is essentially a fact-finding function. So long as the court applies the correct legal standards, `we will not overturn a finding of fact made by a trial judge unless it be clearly erroneous [or contrary to the overwhelming weight of the evidence].'" Dancer, 721 So.2d at 587 (¶ 18) (quoting Alexander, 610 So.2d at 326). In regards to this standard, the supreme court held that "the voluntariness of a confession is a factual inquiry that must be determined by the trial judge from the totality of the circumstances." O'Halloran v. State,731 So.2d 565, 570 (¶ 18) (Miss. 1999). Also, when there is such a hearing as in the present case, and the trial judge is sitting as the finder of fact, the trial judge has the sole authority to determine the credibility of the witnesses. Scoggins v. EllzeyBeverages, Inc., 743 So.2d 990, 995 (¶ 23) (Miss. 1999). Therefore, since there was a debate over the voluntariness of Wimberly's confession, the trial judge would have *Page 803 
had to look at the totality of the circumstances and carry out his fact-finding function. In making these findings of fact, "where, on conflicting evidence, the lower court admits a statement into evidence, this Court generally must affirm." Morgan v. State,681 So.2d 82, 87 (Miss. 1996).
¶ 7. In the present case, there was conflicting testimony as to the voluntariness of Wimberly's confession and the waiver of right to counsel. Wimberly stated that the situation occurred in one manner, and Detective Owens told a completely different story. In looking at both testimonies, the trial judge had the responsibility of reaching a decision based on the facts. As stated above, the judge has the right to decide which witness holds more credibility, and from that, determine where the truth lies from within the differing facts. The judge chose to find credibility in the testimony of Detective Owens and therefore held that the confession and the waiver of the right to counsel were voluntary. This decision was not against the overwhelming weight of the evidence. According to the applicable standard of review, this Court will not reverse the trial judge's finding of fact. We affirm the decision to deny the motion to suppress Wimberly's confession.
 II. DID THE TRIAL COURT ERR IN DENYING WIMBERLY'S MOTION FOR CONTINUANCE WHEN HIS WITNESSES WERE UNAVAILABLE?
¶ 8. This second assignment of error presented by Wimberly is not reviewable by this Court, as it is procedurally barred here on appeal. In Wimberly's motion for a new trial, Wimberly failed to list the trial court's error in denying Wimberly's motion for continuance as a ground upon which a new trial should be granted. The Mississippi Supreme Court has stated that the failure to mention such a particular error as grounds for a new trial, takes away this Court's power to review the issue. "`The denial of a continuance in the trial court is not reviewable unless the party whose motion for continuance was denied makes a motion for a new trial on this ground.'" Walker v. State, 671 So.2d 581, 592 (Miss. 1995) (citing Metcalf v. State, 629 So.2d 558, 562 (Miss. 1993)) (emphasis added). Therefore, this Court affirms the lower court in denying the motion for continuance.
¶ 9. After review, this Court concludes that the trial court did not commit reversible error. Accordingly, this Court affirms the judgment.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY OFCONVICTION OF BURGLARY AND LARCENY OF AN AUTOMOBILE AND SENTENCEOF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OFCORRECTIONS AS AN HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THISAPPEAL ARE ASSESSED TO ADAMS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, IRVING, LEE,PAYNE, AND THOMAS, JJ., CONCUR.