782 So.2d 1260 (2001)
Richard FORREST a/k/a Richard Lamar Forrest, Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01850-COA.
Court of Appeals of Mississippi.
March 27, 2001.
*1262 John H. Gaharan, Collins, Attorney for Appellant.
Office of the Attorney General By W. Glenn Watts, Jackson, Attorney for Appellee:
Before KING, P.J., BRIDGES, and THOMAS, JJ.
BRIDGES, J., for the Court:
¶ 1. This case comes from the Circuit Court of Simpson County, Honorable Robert G. Evans presiding. Richard Forrest was convicted of two counts of larceny of livestock and was sentenced to two years in the custody of the Mississippi Department of Corrections. Forrest comes now appealing his conviction on several grounds:
1. WHETHER THE CIRCUIT COURT ERRED IN NOT GRANTING FORREST'S MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE AN ACQUITTAL?
A. WHETHER THE CIRCUIT COURT ERRED IN OVERRULING THIS MOTION ON THE BASIS THAT INSUFFICIENT EVIDENCE WAS PRESENTED TO SUPPORT THE JURY VERDICT?
B. WHETHER THE CIRCUIT COURT ERRED IN DENYING FORREST'S MOTION TO SUPPRESS HIS VOLUNTARY STATEMENT?
2. WHETHER THE CIRCUIT COURT WAS MANIFESTLY WRONG IN NOT EXAMINING WHETHER FORREST'S STATUTORY AND CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL HAD BEEN VIOLATED?
3. WHETHER THE CIRCUIT COURT ERRED IN ALLOWING THE SELLER'S INVOICE INTO EVIDENCE, THEREFORE VIOLATING THE BEST EVIDENCE RULE?
4. WHETHER THE VERDICT AGAINST FORREST WAS NOT SUFFICIENTLY SUPPORTED BY THE EVIDENCE?
Finding no reversible error, we affirm.

STATEMENT OF THE FACTS
¶ 2. This case deals with a subject right out of the American West, cattle theft. On August 18, 1997, Dick Welch noticed a torn spot in one of the fences surrounding his livestock operation. He also noticed he was missing a cow. The cow was a five *1263 year-old branded black Brangus weighing 930 pounds. After a little searching, Welch discovered his cow was sold at Meadows Livestock Auction in Mize, Mississippi by a man named Richard Forrest.
¶ 3. On December 13, 1997, Bill Abernathy discovered the chain on one of the gates to his farm had been cut and he was missing two cows, a Charlais and a black Angus. He searched for his cattle and discovered them at the Meadows Livestock Auction. After finding the cattle, Abernathy's wife called John Stewart, an investigator with the Mississippi Agriculture Theft Bureau.
¶ 4. Stewart began investigating the theft of Abernathy's cattle, and he verified the two cows at the auction were indeed Abernathy's cows. He also discovered one of the cows was registered under the name Richard Forrest while the other was registered under the name of Lois Keyes (Forrest's fiancee). Stewart also discovered the theft of Welch's cow, and after an investigation, concluded Welch's black cow had been sold at the auction. The proceeds from the sale had gone to Richard Forrest. Stewart reached this conclusion upon learning a brand on the black cow corresponded to a brand Welch had placed on the cow, and upon finding the receipt for the sale of the cow listed Richard Forrest as the owner of the cow.
¶ 5. Stewart located Forrest and took a statement from him. After being read his Miranda rights and signing a Miranda waiver, Forrest gave an in custody statement to Stewart. Forrest confessed to his involvement in the theft of both Abernathy's and Welch's cattle. Stewart's testimony at trial indicated Forrest did not ask for an attorney, was not promised anything for his confession, and he was not coerced in any way. Stewart then wrote down the confession Forrest had told him, read it back to Forrest, and Forrest signed it without changing any part of it. Stewart also testified he thought Forrest's statement was voluntarily given.
¶ 6. At trial, Forrest's testimony differed greatly from his earlier sworn statement. Forrest testified that though he did sell the cattle and made money from the sale, he did not participate in the theft of the cattle itself. Forrest testified he gave the earlier confession because he did not want his fiancee to get arrested due to the fact he had used her name. The trial court allowed both statements to go to the jury, as well as a copy of the receipt from the sale of Welch's cow. The jury found Forrest guilty of two counts of cattle theft and the court sentenced him to two years in the custody of the Mississippi Department of Corrections.

DISCUSSION OF THE LAW

STANDARD OF PROOF
¶ 7. The standard of review for a challenge to the sufficiency of the evidence is stated in McClain v. State, 625 So.2d 774, 778 (Miss.1993):
In appeals from an overruled motion for JNOV, the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence ... consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
(citations omitted); see also Williams v. State, 595 So.2d 1299, 1302 (Miss.1992); *1264 Heidel v. State, 587 So.2d 835, 838 (Miss. 1991); Roberts v. State, 582 So.2d 423, 424 (Miss.1991).
¶ 8. The standard of review for a challenge to the weight of the evidence is found in Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989):
In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial.
See also Isaac v. State, 645 So.2d 903, 907 (Miss.1994); Newsom v. State, 629 So.2d 611, 615 (Miss.1993); Burrell v. State, 613 So.2d 1186, 1190-91 (Miss.1993); Nicolaou v. State, 612 So.2d 1080, 1083 (Miss.1992); Parker v. State, 606 So.2d 1132, 1139-40 (Miss.1992).
¶ 9. In cases where an appellant claims his right to a speedy trial has been violated this Court is to apply the balancing test set out by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors to be considered in this balancing test are (1) length of delay, (2) reason for the delay, (3) whether the defendant has asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. McGhee v. State, 657 So.2d 799, 801 (Miss.1995). In weighing these factors it is important to remember that no one factor is dispositive, and the factors must be "considered individually, assessed both objectively and dispassionately, then weighed and balanced together." Simmons v. State, 678 So.2d 683, 686 (Miss.1996). The weight each factor is given is necessarily based on the quality of the evidence, and when evidence is absent, the weight of the factors is based on the identity of the party with the risk of non-persuasion. McGhee, 657 So.2d at 801-02. "The totality of the circumstances must be considered." Id. at 802.
¶ 10. If a party is challenging the voluntariness of a statement and the circuit court has resolved the issue of admissibility of a confession against a defendant the scope of review of this Court is limited. Wimberly v. State, 760 So.2d 800(¶ 6) (Miss.Ct.App.2000). "In Alexander v. State, 610 So.2d 320 (Miss.1992), [the Supreme Court] set out those limits: `This is essentially a fact-finding function.' So long as the court applies the correct legal standards, `we will not overturn a finding of fact made by a trial judge unless it be clearly erroneous [or contrary to the overwhelming weight of the evidence].'" Dancer v. State, 721 So.2d 583 (¶ 18) (Miss. 1998). When judging the voluntariness of a confession, it is important to remember that "the voluntariness of a confession is a factual inquiry that must be determined by the trial judge from the totality of the circumstances." O'Halloran v. State, 731 So.2d 565 (¶ 18) (Miss.1999). However, when the trial court does not provide this Court with specific findings of fact, the scope of review of this Court is broader, especially "when the trial judge's findings on the precise points at issue are not clearly inferable from the findings made." McCarty v. State, 554 So.2d 909, 912 (Miss. 1989).
¶ 11. In determining whether a judge was correct in allowing certain evidence to be admitted at trial, it is important to remember "the relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Johnston v. State, 567 So.2d 237, 238 (Miss.1990). This Court will not reverse the trial court's decision to admit evidence unless the trial court *1265 abused its discretion such that it prejudiced a party. Martindale v. Wilbanks, 744 So.2d 252(¶ 4) (Miss.1999).

ANALYSIS

1. THE CIRCUIT COURT ERRED IN OVERRULING THIS MOTION ON THE BASIS THAT INSUFFICIENT EVIDENCE WAS PRESENTED TO SUPPORT THE JURY VERDICT.

A. WHETHER THE CIRCUIT COURT ERRED IN OVERRULING THIS MOTION ON THE BASIS THAT INSUFFICIENT EVIDENCE WAS PRESENTED TO SUPPORT THE JURY VERDICT?

4. WHETHER THE VERDICT AGAINST FORREST WAS NOT SUFFICIENTLY SUPPORTED BY THE EVIDENCE?
¶ 12. Forrest raises challenges to the sufficiency of the evidence in two places in his brief: once as a sub-issue of the first issue in his brief and again in the last issue in his brief. They have been combined here to prevent repetition. The first attack on the sufficiency of the evidence is based on the case of Bullock v. State, 447 So.2d 1284 (Miss.1984). The second attack is a more customary attack based on the standards of proof used for sufficiency of the evidence and for weight of the evidence.
¶ 13. The first attack Forrest makes on the sufficiency of the evidence, based on the Bullock case, is an attack on the prosecution's use of his confession. The Bullock case is quite similar to this case in that it dealt with cattle theft, and also the defendants confessed to the crime. In Bullock, the Mississippi Supreme Court stated "[t]he confession of one criminally accused, standing alone, will not suffice to sustain a conviction absent proof of the body of the crime." Bullock, 447 So.2d at 1286. Forrest claims the only evidence presented in this case was his confession, and because of the Bullock rule he should have been granted a new trial or acquittal. This argument is not convincing here because it fails to consider the Bullock rule dealt with corpus dilicti, the body of the crime. In the Bullock case, there was no evidence a crime had even occurred except for the confessions. No one could testify their cattle were stolen, or a crime had even occurred. Bullock, 447 So.2d at 1287. In this case, both of the owners of the stolen cattle testified they were victims of theft. The owners were able to identify how the cattle were stolen, and they were able to identify the individual cows that were stolen. In addition, the testimony of the investigator, Stewart, also indicated a crime had actually occurred. The body of the crime was proven by the prosecution using independent proof, and this therefore meets the requirements of the Bullock case. For this reason, we hold that the prosecution did sufficiently prove the body of the crime, and we affirm the lower court's findings as to this issue.
¶ 14. The second basis upon which Forrest attacks the sufficiency of the evidence is by claiming the prosecution has failed to meet the standard of proof. In Forrest's brief, there is some confusion as to whether he is attacking the sufficiency of the evidence or the overwhelming weight of the evidence. At the end of the trial, Forrest moved for a new trial or, in the alternative, an acquittal. This motion seems to encapsulate both a motion for a JNOV, which deals with sufficiency of the evidence, and a motion for a new trial, which deals with the weight of the evidence. As he has called both of these into question, we shall explore both standards of proof, but it is important to note these are two separate standards.
*1266 ¶ 15. As stated above, when exploring the sufficiency of the evidence this Court must give the prosecution all favorable inferences the evidence allows and must view each element of the offense to determine if reasonable and fair-minded jurors could have found the defendant not guilty. McClain, 625 So.2d at 778. Forrest was convicted under Mississippi Code section 97-17-53, as amended, which states:
If any person shall feloniously take livestock belonging to another, either without the consent of the other to the taking, or by means of fraudulent conduct, practices or representations, he shall be guilty of larceny, regardless of the value of the livestock.
Miss.Code Ann. § 97-17-53 (Rev.2000). With our standards in mind, we must now determine if the State provided evidence to prove each of the elements of this crime. The State must prove Forrest (1) feloniously took (2) the livestock of another either (3) without consent (4) or by fraudulent conduct, practices, or representations. Id. The State succeeded in carrying its burden of presenting evidence to prove all of the elements of this crime. The State put on the testimony of Welch and Abernathy, who both testified they had cows stolen from their fields and this taking was in no way consensual. This testimony proves the livestock belonged to someone else besides Forrest, and it proves the taking was done without consent. The State also offered the testimony of John Stewart who investigated these crimes. He testified he was able to verify one of the cows had been sold under the name of Richard Forrest and the two cows which had not yet been sold were left under the name of Forrest's fiancee. He also testified Forrest confessed to the crime. The State offered the confession into evidence and it was admitted. The confession describes the way in which Forrest took the cattle from Welch's and Abernathy's land. This evidence meets the elements and supports the view that Forrest committed the crime of larceny of livestock. When taken with all favorable inferences, this evidence supports the verdict.
¶ 16. Forrest seems to think because he contradicted his confession while he was testifying on the stand then his confession should not be given any weight. This is not true. It is well established that when there is conflicting evidence, the jury is well within its province as finder of fact to decide which facts it wants to give weight to. McClain, 625 So.2d at 781. In this case, the jury simply chose to believe Forrest's confession and not his later testimony. With this in mind, and the evidence stated above, it is this Court's opinion that a reasonable and fair-minded juror could be able to find Forrest guilty of all of the elements of the crime larceny of livestock. For this reason, we hold the State did provide evidence which sufficiently supported the verdict, and thus we affirm.
¶ 17. Now, in dealing with the weight of the evidence a different standard must be followed. In determining whether the verdict was against the overwhelming weight of the evidence this Court must accept all evidence supporting the verdict as true and will only reverse if the trial judge abused his discretion in not granting a new trial. Thornhill, 561 So.2d at 1030. After review of the record and the evidence, we are of the opinion the trial court should be affirmed. If all of the evidence supporting the verdict is accepted as true, then Forrest's confession must be accepted as true as well as the testimonies of Stewart, Welch, and Abernathy. This provides more than enough weight to the evidence, and thus supports Forrest's conviction. In addition, there is no evidence the judge abused his discretion in refusing to grant Forrest a new trial. For this reason, we *1267 hold that the overwhelming weight of the evidence supports Forrest's guilty verdict. Thus, we affirm the trial court's refusal to grant a new trial.

B. WHETHER THE CIRCUIT COURT ERRED IN DENYING FORREST'S MOTION TO SUPPRESS HIS VOLUNTARY STATEMENT?
¶ 18. Forrest raises this issue claiming the trial court was incorrect in admitting the statement he made to investigator Stewart on January 7, 1998. Forrest's basis for this claim is he made the statement because he was afraid his fiancee would be arrested and charged with this crime. Forrest feared this because he used her name at the livestock auction. Forrest states this amounted to coercion and caused his confession to lack voluntariness.
¶ 19. In determining if a statement is voluntary, knowingly, and intelligently given, the trial court must act as a fact finder, and this Court is very limited in its scope of review. Wimberly, 760 So.2d at (¶ 6). We are to reverse only where the findings of trial court are clearly erroneous or against the overwhelming weight of the evidence. Dancer, 721 So.2d at (¶ 18). When the trial court fails to make a specific finding of fact, this Court is given broader scope in determining whether the statements of the accused were knowingly, voluntarily, and intelligently given. McCarty, 554 So.2d at 912.
¶ 20. We see no basis for overruling the trial court. During the suppression hearing, Stewart, the investigator who took the statement, was questioned at length to determine whether the statement was knowingly, intelligently, and voluntarily given. Before taking the statement, Stewart had Forrest sign a waiver of rights form and he also read Forrest his Miranda rights. Stewart testified he did not offer Forrest anything, try to coerce him in any way, nor threaten Forrest in any way. Stewart testified Forrest did not appear to be under the influence of any drugs or alcohol, and Forrest appeared to understand his rights. Stewart was of the opinion Forrest waived his rights knowingly, intelligently, and voluntarily.
¶ 21. Forrest's main argument against the voluntariness of his statement is his view of what happened has changed. A change of mind is not enough to show a lack of voluntariness. Forrest also testified Stewart made statements intended to coerce his confession. This testimony was in conflict with what Stewart testified to at trial. This difference in the facts was pointed out during regular testimony, and not during the suppression hearing. Thus, these contradictory facts cannot affect whether the statement was voluntary or not because they were not offered for the judge to hear when he was making his ruling. These facts were in the province of the jury as fact finder, and in that role it is up to the jury to decide which facts it believes and which facts it does not believe. McClain, 625 So.2d at 781. They obviously chose to believe Stewart, and we see no reason to overturn because, as we stated above, the verdict was sufficiently supported by the evidence.
¶ 22. During the suppression hearing, Forrest testified he was coerced by the fact his fiancee might get into trouble because he had involved her name. The findings made by the judge in this case dealt specifically with whether this fear of his girlfriend being arrested could be considered coercion. The trial judge held that this "fear" did not amount to coercion by the State. We do not consider this decision erroneous, and therefore we must affirm. Dancer, 721 So.2d at (¶ 18). We agree Forrest's fear is not coercion on the *1268 part of the State, and cannot make his statement involuntary. For this reason, we affirm the ruling of the trial court.

2. WHETHER THE CIRCUIT COURT WAS MANIFESTLY WRONG IN NOT EXAMINING WHETHER FORREST'S STATUTORY AND CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL HAD BEEN VIOLATED?
¶ 23. Forrest claims his 270 day statutory right to a speedy trial and his constitutional right to a speedy trial were violated. Forrest fails to differentiate between the two, but it is important to note that the constitutional right to a speedy trial is a separate right from the statutory right to a speedy trial. Simmons v. State, 678 So.2d 683, 686 (Miss. 1996). The constitutional right to a speedy trial is guaranteed by the Sixth Amendment, while under section 99-17-1 of the Mississippi Code, as amended, a defendant has a statutory right to have all charges brought against him in his indictment to be tried within 270 days from the date of the indictment unless good cause can be shown explaining the delay or the court granted a continuance. U.S. CONST. amend. VI; Miss.Code Ann. § 99-17-1 (Rev.2000). The constitutional right to a speedy trial attaches at the time a person is charged with a crime, while the statutory right to a speedy trial attaches at the time of the arraignment. Coleman v. State, 725 So.2d 154 (¶ 6-7) (Miss.1998).
¶ 24. There is some confusion surrounding this issue because many of the arguments made by Forrest are based on assertions made in his brief and not on facts found within the record. Forrest claims he was indicted almost a year before his trial occurred. The indictment found in the record, however, is dated as being filed in September of 1999. It is the only indictment in the record. The trial in this case occurred on the sixth of October 1999. According to Forrest's brief, Forrest was supposedly indicted once before in 1998, and over 270 days had passed between his trial and the original indictment. However, Forrest did not say when and the record did not reflect it. The State and Forrest both agree the original indictment was quashed by the circuit court, and that Forrest was immediately re-indicted on the fourteenth of September 1999. The new indictment was amended to exclude several of the charges present in the first indictment. Nowhere in the record is there any mention of the date of the original indictment.
¶ 25. In regard to his statutory right to a speedy trial, Forrest argues even though a new indictment was entered the date of his original indictment should be the starting point at which his 270 day right to a speedy trial should start. Since the first indictment was quashed, it is questionable whether this theory is defendable because in essence, the first set of charges against Forrest were dismissed and he was re-indicted. Because of this the 270 day right should begin at the date of the new indictment. More important however is the fact Forrest failed to place in the record the original date of his indictment. This Court must "decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them." Mason v. State, 440 So.2d 318, 319 (Miss.1983). Because Forrest failed to put a date of arraignment in the record that this Court could consider in deciding if his 270 day right to a speedy trial was violated, this Court cannot rule favorably to him. All this Court can do is look at the indictment in the record and its *1269 date, and by doing so it becomes clear by the new indictment there is no violation of Forrest's statutory right to a speedy trial.
¶ 26. In dealing with Forrest's constitutional right to a speedy trial, this Court must apply the balancing test set out by the Supreme Court in the Barker case. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors to be considered in this balancing test are (1) length of delay, (2) reason for the delay, (3) whether the defendant has asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. McGhee, 657 So.2d at 801. Before we begin examining these factors, it should be noted Forrest did not apply these factors to his case at all. Forrest relied on the supposed violation of his 270 day right to a speedy trial in making his arguments of a denial of a speedy trial. However, Forrest raised his constitutional right to a speedy trial, and because of this it is necessary to use this test to examine whether his right was denied.
¶ 27. The first factor to be weighed in this balancing test is the length of delay of his trial. Nowhere in the record is a date of arrest given, and the closest thing to an arrest date is the date of Forrest's first statement that he gave to the police, which was December 16, 1997. This statement was given after Stewart read Forrest his Miranda rights. According to testimony, Forrest signed a waiver of rights form the day before, but the form itself was not entered into evidence. This seems to be the earliest date at which Forrest gave a statement; however, he gave an in-custody statement on January 7, 1998. Whichever date you choose to use, over a year and a half had passed between the time of Forrest's statement and the time of his trial. The second factor to explore in examining the constitutional right to a speedy trial is the reason for delay. No reason is given in the record for this delay. The third factor to be considered is whether the defendant has asserted his right to a speedy trial. In the pre-trial matters recorded in the record, there is an indication Forrest raised this issue earlier and he was reasserting his motion that his right to a speedy trial had been violated. The fourth factor to be weighed is the whether the defendant was prejudiced by the delay. There was no indication in the record that any prejudice occurred due to the delay in Forrest's trial, and he alleged no reasons for prejudice. No memory loss was mentioned or anything indicating prejudice.
¶ 28. After looking at these four factors, and considering the totality of the circumstances, we think Forrest's right to a speedy trial was not violated. The fact that no reason was given for the delay, and also no evidence was provided proving prejudice weigh heavily against Forrest's assertion of a violation of rights. Also, because Forrest asserted his right to a speedy trial just prior to trial and the length of the delay cannot be determined based on the record, none of the factors are able to out weigh the lack of prejudice and lack of reason for delay. For these reasons, we affirm the holdings of the trial court as to this issue.

3. WHETHER THE CIRCUIT COURT ERRED IN ALLOWING THE SELLER'S INVOICE INTO EVIDENCE, THEREFORE VIOLATING THE BEST EVIDENCE RULE?
¶ 29. In answering the appellant's claims dealing with sufficiency of the evidence, the State briefly mentions that Linda Craft testified the copies were true and correct copies of the original. The State makes no mention of the attacks the appellant makes on the admission of the invoices into evidence. The appellant points out that though copies of the original *1270 are usually admissible, Ms. Craft was unable to say for sure they had not been altered, nor could she say she made the copies of the originals. Also, the State did not provide a chain of custody to prove the invoice was not altered.
¶ 30. Appellant argues in his reply brief that the State offered no authority to answer this claim. When a party does not answer an issue, it is deemed to be waived. Such is the case here, and this issue will be treated as waived by the State. However, we do not think the admission of this piece of evidence rose to the level of reversible error. There was plenty of other evidence offered to uphold Forrest's conviction, and the copies were not necessary for proof of the theft. Therefore, this should be ruled to be harmless error, and should not effect Forrest's conviction of cattle larceny.
¶ 31. In conclusion, the trial court was correct in not granting Forrest's motion for a new trial or in the alternative an acquittal. The verdict was sufficiently supported by the evidence and was not against the overwhelming weight of the evidence. Forrest's statutory and constitutional rights to a speedy trial were not violated. The trial judge should not have allowed the seller's invoices into evidence; however, this was harmless error and is not a sufficient enough basis to overturn the jury verdict. Therefore, we affirm.
¶ 32. THE JUDGMENT OF THE SIMPSON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I LARCENY AND SENTENCE TO TWO YEARS AND TO PAY RESTITUTION OF $850 AND COUNT II LARCENY OF LIVESTOCK AND SENTENCE OF TWO YEARS, SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND CONSECUTIVELY WITH THE DEFENDANT'S FEDERAL SENTENCE, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO SIMPSON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.